UNITED STATES of America,
Plaintiff-Appellee,

v.

Susan Ann VINCENT,
Defendant-Appellant.

No. 84–1156.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 1985.

Decided April 16, 1985.

**380**

Gregory Diamond, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Lorraine Mansfield, Las Vegas, Nev., for defendant-appellant.

Before ANDERSON, FARRIS, and BEEZER, Circuit Judges.

FARRIS, Circuit Judge:

Susan Ann Vincent and three others, Andrew Williams, Kristine Cano, and Randy Teucher were indicted on three counts: 1) conspiracy, 2) wire fraud aiding and abetting arising from a September 25, 1982 telephone call between Cano, in Las Vegas, and Williams, in New York City, and 3) wire fraud and aiding and abetting arising from a November 14, 1982 telephone call between Cano, in Las Vegas, and Williams, in San Francisco. All three of Vincent's co-defendants pleaded guilty to conspiracy before Vincent's trial began.

A jury found Vincent guilty of conspiracy (18 U.S.C. § 371) and one count of wire fraud and aiding and abetting (18 U.S.C. §§ 1343, 2) but found her not guilty of a separate count of wire fraud and aiding and abetting. The district court granted Vincent's motion for judgment of acquittal on the conspiracy count. She was sentenced to two years imprisonment on the remaining count (wire fraud and aiding and abetting, 18 U.S.C. §§ 1343, 2). We have jurisdiction over her appeal pursuant to 28 U.S.C. § 1291.

STANDARDS OF REVIEW

"In reviewing a jury's verdict we must view the evidence in the light most favorable to the government and must draw all reasonable inferences supporting the conviction." *United States v. Sommerstedt*, 752 F.2d 1494, 1496 (9th Cir.1985). If *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), we must affirm. *Unit-*

*ed States v. Multi-Management, Inc.*, 743 F.2d 1359, 1362 (9th Cir.1984).

A district court's decision on a motion for mistrial is reviewed for abuse of discretion. *See United States v. Gann*, 732 F.2d 714, 725 (9th Cir.), *cert. denied*, — U.S. ——, 105 S.Ct. 505, 83 L.Ed.2d 397 (1984).

In examining a claim of error relating to jury instruction, "[t]he standard of review is whether the [d]istrict [c]ourt abused its discretion in its choice of language or formulation of its instruction[s]." *United States v. Soulard*, 730 F.2d 1292, 1303 (9th Cir.1984). "The adequacy of jury instructions is determined by examining them in their entirety." *United States v. Harris*, 738 F.2d 1068, 1072 (9th Cir.1984).

DISCUSSION

We have considered the supplemental pro se brief of Vincent in which she alleges that she received ineffective assistance of counsel. In addition, brief of counsel cites as error: 1) lack of subject matter jurisdiction in that the evidence supports a state but not a federal offense, 2) the introduction by the government of highly prejudicial evidence of separate, uncharged crimes and, 3) improper jury instructions on the issue of the criminal intent required to convict on charges of wire fraud and aiding and abetting wire fraud.

I. *Jurisdiction.*

The jurisdictional issue is whether the government presented sufficient evidence of an essential element of the offense. If there is insufficient evidence of an interstate telephone call on November 14, the conviction of Vincent on Count Three of the indictment must fail because of the absence of a federal question and therefore lack of subject matter jurisdiction.

The government in its brief alleged that a tape recording of the November 14 telephone call was played for the jury. Our search of the record refuted this allegation and the fact was conceded by counsel for the government during oral argument. Al-

though a telephone bill was offered to prove the interstate nature of the September 25, 1982 telephone call, no documentary evidence whatsoever was offered to prove the interstate nature of the November 14 telephone call. The only references to the call are in the direct testimony of Cano that Williams told her in a telephone conversation during the relevant time period that he was in San Francisco. The government also asks us to consider Vincent's admission that she was in San Francisco on November 22 or 23, although that is admittedly some days after the critical date of November 14.

Because defense counsel failed to object to Cano's hearsay testimony at trial, we exercise our discretion to review Vincent's hearsay objection under the "plain error" standard. *See United States v. Jarrad,* 754 F.2d 1451, 1456–57 (9th Cir.1985); *United States v. Foster,* 711 F.2d 871, 881 n. 4 (9th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1602, 80 L.Ed.2d 132 (1984). "Plain error is highly prejudicial error affecting substantial rights and is found only in exceptional circumstances." *United States v. Harris,* 738 F.2d 1068, 1072 (9th Cir.1984).

■ We hold that the district court did not plainly err in admitting Cano's hearsay testimony. On the record before him, the trial judge could reasonably have concluded that Williams' statements to Cano were intended, in part, to indicate the sophistication and size of the conspiracy and thus to encourage Cano's continuing participation. *See United States v. Whitten,* 706 F.2d 1000, 1018 (9th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984). *See also United States v. Eubanks,* 591 F.2d 513, 521 (9th Cir.1979). Because there is sufficient evidence to sup-

port an inference that the statements were made in furtherance of the conspiracy, they are not hearsay and were properly admitted under Fed.R.Evid. 801(d)(2)(E). *Whitten,* 706 F.2d at 1018.[1]

■ Based upon Cano's testimony, a rational trier of fact could have found beyond a reasonable doubt that the November 14 telephone call was an interstate call. The district court therefore had subject matter jurisdiction over the case.

## II.  *Ineffective assistance of counsel*

■ Vincent argues that her trial counsel's insistence that she plead guilty or plea bargain, his failure to subpoena relevant telephone records, his failure to raise objections during trial, and his delay in appealing her case amounted to a denial of her Sixth Amendment right to effective assistance of counsel. Vincent must show that her "attorney's errors reflect a failure to exercise the skill, judgment, or diligence of a reasonably competent attorney," and that she suffered prejudice as a result of those errors. *United States v. Murray,* 751 F.2d 1528, 1535 (9th Cir.1985) (citing *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984)).

■ Because Vincent ultimately rejected her counsel's advice to plead guilty or to plea bargain and was able to file a timely appeal, we need not reach the question whether she suffered any prejudice from this advice. We do conclude, however, that counsel's failure to object to Cano's hearsay testimony also did not prejudice Vincent, since the testimony was admissible under the co-conspirator exception. Finally, we hold that counsel's other acts do not fall beyond "the wide range of reasonable

1. Vincent also argues that the admission of Cano's testimony violated the Confrontation Clause of the Sixth Amendment. That issue was not preserved by a proper objection at trial and we decline to consider it here. *Whitten,* 706 F.2d at 1018 n. 7.

However, as an exhibit to a bail motion presented to us, Vincent included copies of a telephone company record which, on its face, if authentic, casts doubt upon the foundation and

validity of her conviction. That document is not properly before us in considering the merits of this appeal since it was not before the district court and the jury. Whether or not court and counsel pursue this evidentiary matter in post-conviction proceedings is not for us to dictate, nor do we express any views on the authenticity nor the relevance in fact or law of the telephone company records.

professional representation." *Murray*, 751 F.2d at 1535. "Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation." *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir.1980). Vincent did not receive ineffective assistance of counsel.

### III. *Motions for mistrial*

Vincent next argues that her motions for mistrial should not have been denied. With Cano on the stand, the government played a tape recording of a telephone conversation between Cano and Vincent in which Cano, referring to Williams, stated, "And, as much dealings as he's done with me, I could gave [sic] him up a long time ago. I don't need to start now, because I wouldn't gain anything out of it." The district court denied Vincent's motion for a mistrial based upon the introduction of this evidence.

In addition, FBI Special Agent Seibert testified that in giving a confession, Vincent told him that she had taken certain checks used in the alleged fraudulent scheme to a storage area "where they [Vincent and Williams] maintained all of the various items that they used to run ·all of the different schemes that they run; they run several schemes at the same time." Finally, Agent Seibert testified that when Vincent and Williams moved from Reno to Las Vegas, they brought with them "all of the different items that they had for all of their different schemes that they were running." After Seibert's direct examination, Vincent again moved for mistrial based upon the introduction of evidence of uncharged crimes. The court denied the motion and, hearing no objection to its offer to give a cautionary instruction, instructed the jury that they were not to infer from Seibert's testimony that Vincent was involved in other schemes, that they should disregard Seibert's references to "other schemes," and that Vincent was charged only with the counts contained in the indictment. Similar instructions were included in the court's final instructions to the jury.

"[T]he power [to declare a mistrial] ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." *United States v. Escalante*, 637 F.2d 1197, 1202 (9th Cir.) (quoting *United States v. Klein*, 582 F.2d 186, 190 (2d Cir.1978) (quoting *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed.2d 165 (1824)), *cert. denied*, 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979)), *cert. denied*, 449 U.S. 856, 101 S.Ct. 154, 66 L.Ed.2d 71 (1980). The defendant has the burden of showing that the district court abused its discretion in declaring or refusing to declare a mistrial. *United States v. Gann*, 732 F.2d 714, 725 (9th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 505, 83 L.Ed.2d 397 (1984); *Escalante*, 637 F.2d at 1202.

■ Vincent has not demonstrated how she was prejudiced by the admission of the taped telephone conversation between her and Cano. Cano made a single, brief, vague reference to past criminal dealings between Cano and Williams and did not indicate that Vincent knew about or participated in those transactions. It seems more likely that Cano's statement benefited Vincent because it impeached the credibility of the government's chief witness.

Nor did Agent Seibert's testimony justify a mistrial. "A mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial impact of the error." *Gann*, 732 F.2d at 725. "When the court strikes testimony and gives [a cautionary] instruction, there is a strong presumption that the jury has followed the court's instruction." *United States v. Pavon*, 561 F.2d 799, 803 (9th Cir.1977). *See also United States v. Johnson*, 618 F.2d 60, 62 (9th Cir.1980). Vincent provides no reasons for failing to give effect to this presumption in this case, and we see none. We conclude that the district court did not abuse its discretion in denying her second motion for mistrial.

### IV. *Jury Instructions*

■ Finally, · Vincent contends that the district court gave an improper instruction

on the element of specific intent, and that the court should have instructed that good faith is a defense to charges of wire fraud. Because Vincent did not object at trial to the instruction on specific intent and did not request an instruction on the good faith defense, her claims relating to the jury instructions are reviewed only for plain error. *United States v. Wright*, 742 F.2d 1215, 1222 (9th Cir.1984).

■ The district court gave an adequate jury instruction on specific intent. The court charged the jury that in order to convict Vincent of wire fraud, it had to find that she acted with intent to defraud, which it defined as "the specific intent to deceive or cheat." Because the specific intent instruction was adequate, Vincent would not have been entitled to a separate good faith defense instruction even if she had requested one. *United States v. Green*, 745 F.2d 1205, 1209 (9th Cir.1984). There was no "plain error" in the jury instructions. *See United States v. Cusino*, 694 F.2d 185, 188 (9th Cir.1982), *cert. denied*, 461 U.S. 932, 103 S.Ct. 2096, 77 L.Ed.2d 305 (1983).

AFFIRMED.