953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward Terrell PEARSON, Petitioner-Appellant,
v.
John M. RATELLE-Warden, John Van De Kamp, Respondents-Appellees.
 No. 91-55377.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1992.*
Decided Jan. 16, 1992.
 
 Before FARRIS, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * Edward Terrell Pearson ("Pearson") was found guilty of oral copulation, penetration by a foreign object, attempted sodomy, and three counts of rape, and is currently serving a sentence of eighteen years for the three counts of rape. Pearson filed a writ of habeas corpus in the district court on October 26, 1989, claiming he did not receive a fair trial because: (1) he was deprived of a jury venire representative of a cross-section of the community; (2) he was denied ineffective assistance of counsel; (3) the state trial court admitted evidence taken during a warrantless search; (4) he was improperly sentenced. His petition was dismissed. Pearson appeals and adds to his claims the allegation that his sentence was excessive and in violation of the Eight Amendment.
 
 II
 
 3
 We review de novo denials of a petition for habeas corpus. Zimmerlee v. Keeney, 831 F.2d 183, 185 (9th Cir.1987), cert. denied 487 U.S. 1207 (1988). "We review independently and non-deferentially a challenge to the composition of grand and petit juries." United States v. Sanchez-Lopez, 879 F.2d 541, 546 (9th Cir.1989).
 
 III
 
 4
 * First, Pearson claims that a gallery of prospective jurors where there is no black is not a fair cross-section of the community. Pearson, who was tried in Santa Monica, notes that where Santa Monica is only 4.1% black, West Los Angeles is 5.6% black, and Los Angeles City is 11.4% black. The government does not challenge these figures, so we will assume them to be correct. Sanchez-Lopez, 879 F.2d at 547. Pearson's first trial had one black juror in the petit jury, with three in the pool; his second trial had no black jurors in the petit jury or the pool.
 
 
 5
 "The Supreme Court has developed a three part test to determine whether a jury selection process passes a sixth amendment challenge." Sanchez-Lopez, 879 F.2d at 546 (citing Duren v. Missouri, 439 U.S. 357, 364 (1979)). A prima facie violation of the cross-section requirement is shown when:
 
 
 6
 (1) ... the group alleged to be excluded is a "distinctive" group in the community; (2) ... the representation of this group in venires from which the juries are selection is not fair and reasonable in relation to the number of such persons in the community; and (3) ... this underrepresentative is due to systematic exclusion of the group in the jury-selection process.
 
 
 7
 Sanchez-Lopez, 879 F.2d at 547 (quoting Duren, 439 U.S. at 364). Pearson failed to demonstrate the third prong--systematic exclusion of black jurors from the jury pool. As the district court pointed out, the only evidence in the record would be contrary to this determination, for in Pearson's first trial, three blacks were available on his jury panel and one was selected to sit on his jury. Therefore, the Sixth Amendment claim is without merit.
 
 B
 
 8
 Pearson claims that he was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. In order to show ineffective assistance, Pearson must overcome the presumption that the defense counsel's conduct was reasonable. United States v. Vincent, 758 F.2d 379, 381 (9th Cir.1985), cert. denied 474 U.S. 838 (1985). To overcome the presumption, Pearson must "show, first, that counsel's performance was 'deficient,' and second, that the deficient performance prejudiced the defense." Morris v. State of California, No. 90-56095, slip op. at 13673, 13682 (9th Cir. Sept. 30, 1991) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "Prejudice 'requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' " Id.
 
 
 9
 First, Pearson argues ineffective assistance with respect to the failure of his attorney to object to the jury make-up. However, this claim has no merit given the fact that the record does not indicate any constitutional deficiency in the constitution of the jury. Moreover the fact that Pearson's attorney "gambled on getting just one white juror to be sympathetic" was a strategic decision by his attorney. Strickland, 466 U.S. at 690-91 ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable").
 
 
 10
 Second, Pearson complains that his attorney failed to produce evidence of Pearson's alcoholism at trial, which, according to Pearson, would help to negate intent. This was not error, however, because the attorney's trial tactic was to argue that the victim consented. Given this theory, evidence of Pearson's alcoholism would have been irrelevant.
 
 
 11
 Third, Pearson complains that medical records should have been introduced to show that he was physically unable to have forced the victim. The first omitted medical record was fourteen years old. This record would not have been relevant to the defense that the victim consented to Pearson's sexual advances fourteen years later. A 1984 medical report also was not admitted at trial. However, this record merely states that "[a] recent fracture of the lumbar spine is not identified at this time." See Appendix at Exhibit M6b. Failure to produce these records was not prejudicial for Pearson who, during the trial, admitted to being physically able to have consensual sex with the victim.
 
 C
 
 12
 Pearson argues that his brown briefcase and its contents were inadmissible because the warrantless search of his hotel room was improper. Pearson had a full and fair opportunity to litigate this issue in the state court, and, in fact, made a motion in state court presenting his Fourth Amendment claim. Therefore, it is not cognizable on a habeas corpus petition. Stone v. Powell, 428 U.S. 465, 492-95 (1976).
 
 D
 
 13
 Pearson argues that the trial court erred in failing to state separate reasons for imposing full consecutive sentences under California Penal Code section 667.7(c) (West 1988). This claim is without merit, because Pearson is not entitled to habeas relief based on a state court's interpretation of state sentencing laws. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied 478 U.S. 1021 (1986). A state prisoner may only request relief under federal habeas corpus if he or she is being held in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); Townsend v. Sain, 372 U.S. 293, 312 (1963).
 
 E
 
 14
 Finally Pearson argues that his sentence of three consecutive six year terms for a total of eighteen years violates the Eighth Amendment's prohibition against cruel and unusual punishment. Pearson failed to raise this ground in either the California Supreme Court, or the court below. Therefore, he is precluded from raising it now. See Carothers v. Rhay, 594 F.2d. 225, 228 (9th Cir.1979) (the petitioner "must first exhaust his state remedies before turning to the federal courts"); United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983) (citations omitted) ("an issue not presented to the trial court cannot be raised for the first time on appeal"), cert. denied 465 U.S. 1100 (1984).
 
 
 15
 The court takes note of Pearson's series of poems, "Pardoned (From the Inside)," congratulates him on them, and expresses the hope that he continue to find interior peace.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3