963 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andres Carrasco ARAGON, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
Andres Carrasco ARAGON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 91-35796, 91-35797.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 15, 1992.
 
 Before PREGERSON, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andres Carrasco Aragon, a federal prisoner serving a forty-year sentence for violation of federal narcotics laws, appeals pro se the district court's denial of his two habeas corpus petitions. Aragon argues (1) his plea of guilty was not knowing and voluntary because the advice of his counsel did not rise to the level of effective assistance, and (2) the plea agreement was violated. We have jurisdiction pursuant to 28 U.S.C. § 2253 (1988), and we affirm.
 
 
 3
 * "A claim of ineffective assistance [of counsel] may be used to attack the voluntariness and hence the validity of a guilty plea." United States v. Keller, 902 F.2d 1391, 1394 (9th Cir.1990). To establish ineffective assistance of counsel in the context of a guilty plea, Aragon must establish (1) the attorney's conduct fell below an objective standard of reasonable attorney competence, Hill v. Lockhart, 474 U.S. 52, 57 & 58 (1985), and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," id. at 59 (footnote omitted). Attached to the Hill requirements are two strong presumptions that Aragon must also overcome: defense counsel's conduct was reasonable, United States v. Vincent, 758 F.2d 379, 381 (9th Cir.), cert. denied, 474 U.S. 838 (1985), and statements made by Aragon in open court are truthful, Blackledge v. Allison, 431 U.S. 63, 74 (1977).
 
 
 4
 Aragon argues that because he pleaded guilty based on incorrect representations made by his attorney, his plea was involuntary. Aragon informed the court he was making the plea voluntarily, he was not being forced to change his plea, he had been "guilty all the time," he understood the maximum possible punishment that could be imposed, he committed the acts as charged, and no promises regarding his sentence had been made. To overcome the presumption of truthfulness that attaches to these in-court statements, Aragon merely sets forth differing versions of a plea agreement that he alleges he agreed to at the advice of his defense counsel. Aragon's bare allegations are insufficient to overcome the presumptions of truthfulness and competent representation. Aragon's contentions "in the face of the record are wholly incredible," id., and unquestionably do not establish ineffective assistance of counsel.
 
 
 5
 Aragon next argues that the representation rendered by his attorney was ineffective because his attorney: (1) informed him he would not be sentenced to more than fifteen years incarceration; (2) failed to investigate the applicable law because he advised Aragon the sentence would be imposed under the pre-Sentencing Guidelines regime and Aragon would thus be eligible for parole after serving one-third of his sentence; (3) failed to evaluate the chances of winning at trial; (4) failed to object to the imposition of a forty year period of incarceration; (5) failed to investigate the underlying facts; and (6) failed to file a Fed.R.Crim.P. 35 motion and did not appeal the case. Even if Aragon could establish that these alleged errors actually occurred, none constitute ineffective assistance of counsel.
 
 
 6
 An attorney's estimates regarding the sentence to be imposed or parole eligibility do not constitute ineffective assistance where the petitioner did not allege in the habeas corpus petition that he would not have pleaded guilty and would have gone to trial had he known what the sentence would actually be. Hill, 474 U.S. at 60; Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991); Keller, 902 F.2d at 1392. Aragon does not allege that if he had known the court would impose a forty year period of incarceration he would not have pleaded guilty, thus he has not established an ineffective assistance of counsel claim.
 
 
 7
 The chances of Aragon winning at trial were reasonably investigated by his defense counsel. Aragon was not advised to plead guilty until after his attorney had sat through four days of jury trial. During that time, the defense counsel had adequate opportunity to evaluate the strengths and weaknesses of the government's case. Aragon does not allege any specific facts that would contradict the implication that, after four days of trial, counsel was aware of Aragon's chances of winning. Aragon also does not allege that his defense counsel failed to advise him of any affirmative defenses that would have succeeded at trial. See Hill, 474 U.S. at 59. Aragon's claim fails.
 
 
 8
 Aragon argues his attorney failed to object at sentencing to the district court's imposition of a forty year period of incarceration. Because we conclude that forty years incarceration was consistent with the plea agreement, see discussion infra part II, Aragon's counsel had no obligation to object.
 
 
 9
 Aragon alleges that his attorney should have been aware of facts that would have created reasonable doubt in the minds of the jurors. In particular, he argues that police officers "broke into" his apartment and found drugs and a gun behind the wall. Even if Aragon could establish that his attorney was not aware of these facts and should have discovered them through reasonable investigation, Aragon cannot demonstrate that the attorney would have changed his recommendation as to the plea. Therefore, Aragon cannot establish prejudice resulting from the alleged error. Hill, 474 U.S. at 59.
 
 
 10
 Finally, Aragon argues that his counsel was ineffective because he failed to file a motion to reduce or modify the sentence pursuant to Fed.R.Crim.P. 35 and he failed to directly appeal the sentence. "A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel." People of Territory of Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984). After a plea of guilty, the only issues available for direct appeal are those involving the sentencing process.[1] Lewis, 880 F.2d at 246. Because the sentence imposed by the district court was within the lawful range, because the government abided by the plea agreement, see discussion infra part II, and because there is no indication that the attorney had been requested to represent Aragon after sentencing, "[i]t was not ineffective to refrain from appealing a correct ruling." Santos, 741 F.2d at 1169.
 
 
 11
 Aragon stated under oath that the plea was voluntary and that no promises had been made to him. He cannot overcome the strong presumption that his statements under oath were voluntary and that his counsel's representation was competent. Therefore, Aragon has failed to establish that the representation rendered by defense counsel was ineffective or rendered his plea involuntary.
 
 II
 
 12
 Aragon vehemently asserts that the plea agreement which required his guilty plea was breached by the government and the court. Guilty pleas are designed to conclusively terminate criminal prosecution; therefore they are "accorded a great measure of finality." Blackledge, 431 U.S. at 71. "Solemn declarations in open court carry a strong presumption of verity." Id. at 74. "Plea agreements are contractual in nature and are measured by contract law standards.... To determine whether a plea agreement is violated, the court must look to what the parties reasonably understood to be the terms of the agreement." Keller, 902 F.2d at 1393 (quotation omitted).
 
 
 13
 The plea agreement was verbally presented to the district court after Aragon had changed his plea. The prosecutor represented that the agreement required Aragon to plead guilty to Counts 1 (lesser included offenses), 116, 117, and 125,[2] and to forfeit property listed in Count 1 of the Indictment. In exchange, the government agreed to dismiss the other forty counts of the Indictment that named Aragon as a defendant, to refrain from future prosecution for drug-related conduct of which the government was aware, and to recommend a period of incarceration not to exceed forty years. Neither of Aragon's defense counsel objected to the plea agreement as presented by the government, and both informed the court that the substance of the agreement was correct and no contrary understanding existed. Aragon, aided by a translator, did not object to the terms of the agreement as presented to the court.[3]
 
 
 14
 Because Aragon, in his December 11, 1990 petition, sets forth substantially the same agreement that was presented to the district court, he reasonably understood the terms of the plea agreement to be the same as those presented to the court. The fact that neither Aragon nor his defense counsel objected to the plea agreement, sought to have the sentence reduced or vacated, or contested the forfeiture[4] following the sentencing, implies that the sentence imposed and the forfeiture were consistent with their expectations.
 
 
 15
 Aragon also argues that he agreed to plead guilty based on representations by the government that the sentence would not exceed fifteen years. With each petition or brief, Aragon's representations of the substance of the plea agreement have changed. In his December 11, 1990 petition, Aragon at one point states the government agreed that if he plead guilty he would only receive a five to fifteen year period of incarceration, and at another point in the petition Aragon indicated the agreement was five to ten years incarceration. In his opening brief before this court, Aragon asserts for the first time that the government offered a twenty year sentence, but he accepted the second offer of a ten to fifteen year sentence of imprisonment.
 
 
 16
 Because the filings submitted by Aragon are inconsistent, we will objectively view the facts surrounding the taking of the plea and the sentencing proceeding to determine what the terms of the agreement actually were. See United States v. Espinoza, 866 F.2d 1067, 1069-70 (9th Cir.1988) (inconsistent filings justify summary dismissal of § 2255 motion). Under these circumstances, we conclude (1) the forfeiture provision was reasonably understood by the parties to be part of the agreement, (2) Aragon agreed to plead guilty in exchange for a sentence recommendation that would not exceed forty years, and (3) the terms of the plea agreement were otherwise accurately set forth by the prosecutor at the change of plea hearing.
 
 
 17
 Although Aragon argues the plea agreement was violated, he does not specify what constituted the breach and we cannot find one. First, the agreement required the government to seek a sentence of imprisonment not to exceed forty years. The prosecutor informed the court it sought a forty year sentence pursuant to the plea agreement, and Aragon was sentenced to forty years incarceration.[5] Second, the government agreed to dismiss the remaining counts of the Indictment and to refrain from bringing additional drug charges relating to conduct of which it was aware. At sentencing, the prosecutor moved to dismiss the remaining counts of the Indictment, and the court granted the dismissal. Although Aragon implies additional charges have been brought against him, we can find no support for this statement and the government represented that no additional charges have been filed. Third, the district court complied with the plea agreement by imposing a forty year sentence and by granting the government's motion to dismiss the remaining counts of the Indictment. Finally, the government did not breach the plea agreement by seeking forfeiture of property that Aragon had agreed to forfeit.
 
 III
 
 18
 Aragon has failed to set forth credible facts that would establish ineffective assistance of counsel. Aragon, pursuant to a plea agreement, knowingly and intelligently plead guilty to four counts of the Indictment. The alleged statements by the attorney would not make the plea involuntary. In addition, Aragon has failed to establish a breach of the plea agreement by the government or the court, based on the terms of the agreement as set forth at the change of the plea hearing.
 
 
 19
 The district court's dismissal of Aragon's motions is
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 For the same reason we will not address Aragon's contention that "[t]he question needs to be addressed whether there was ever any drugs or a gun involved in the search of the premises in question."
 
 
 [2]
 Aragon pleaded guilty to: Count 1 (Operating a Continuing Criminal Enterprise)--lesser included offenses of conspiracy to distribute cocaine and conspiracy to distribute heroin; Count 116--possession with intent to distribute in excess of 100 grams of a mixture and substance containing heroin; Count 117--possession with intent to distribute in excess of 500 grams of a mixture and substance containing cocaine; and Count 125--use of a firearm during the commission of a felony drug violation
 
 
 [3]
 Aragon states he did not object at the hearing or inform the court of the true understanding because (1) he could not understand the proceeding because it was held in English, (2) he did not want to antagonize the judge, and (3) his counsel told him to state there were no contrary agreements. Aragon's unsupported allegations of out-of-court agreements and statements cannot overcome the presumption that his statements in court were truthful. Furthermore, the translator informed the court that he and Aragon could understand each other. If Aragon had trouble understanding the proceeding he should have made this fact known to the district court instead of raising it in a habeas corpus petition. See Valladares v. United States, 871 F.2d 1564, 1566 (11th Cir.1989)
 
 
 [4]
 Aragon now argues that he was not aware of the forfeiture provision of the plea agreement. The prosecutor and both defense attorneys represented to the court that Aragon would forfeit property listed in Count 1. Aragon, aided by an interpreter, was aware of the conversations occurring in court, but he did not object to the forfeiture term of the agreement. Furthermore, Aragon stated in the December 11, 1990 petition that he had agreed to forfeit the items listed in Count 1
 
 
 [5]
 Aragon received the following sentence: Count 1--20 years incarceration to run concurrently; Count 116--35 years to run concurrently; Count 117--35 years to run concurrently; Count 125--5 years to run consecutively