983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector Nicholas SERRANO, Defendant-Appellant.
 No. 92-15920.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 15, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Nicholas Serrano, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence for one count of conspiracy to distribute cocaine and five counts of distribution of cocaine. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Serrano contends that he was denied effective assistance of counsel at trial because his counsel failed (1) to prepare adequately for trial, (2) to challenge adequately the veracity of a government witness, and (3) to pursue an alternate trial defense strategy. Serrano also argues that the district court erred by dismissing his section 2255 motion without an evidentiary hearing.[1] Serrano's contentions lack merit.
 
 
 4
 We review de novo the district court's denial of a 28 U.S.C. § 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). We review the district court's decision to deny an evidentiary hearing for an abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991). We review de novo whether a criminal defendant was denied effective assistance of counsel at trial. United States v. Molina, 934 F.2d 1440, 1447 (9th Cir.1991).
 
 
 5
 In deciding a section 2255 motion, a district court is only required to give a claim "careful consideration and plenary processing, including full opportunity for representation of the relevant facts." Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.) (quotation omitted), cert. denied, 493 U.S. 869 (1989); see also 28 U.S.C. § 2255. A district court has the discretion to forgo an evidentiary hearing and rely instead on the record, which may be supplemented by the following: discovery or documentary evidence, the judge's own notes and recollection of the trial, and common sense. Id. In order for an appellant to prevail on a claim of ineffective assistance of counsel, the appellant must show that (1) his defense counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); accord Molina, 934 F.2d at 1447. In determining whether counsel's conduct was deficient, we "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Molina, 934 F.2d at 1447 (quoting Strickland, 466 U.S. at 689). Mere criticism of a trial strategy is insufficient to support a claim of inadequate representation. United States v. Vincent, 758 F.2d 379, 382 (9th Cir.1985).
 
 
 6
 Serrano's counsel worked exclusively on his case the eleven days preceding the trial, including several meetings with Serrano and conferences with ten potential witnesses. His counsel made a tactical decision not to call Serrano's wife to impeach the testimony of Serrano's son, a government witness, feeling that the testimony would not be beneficial to the defense. Serrano also argues that his counsel should have pursued a defense based on Sears v. United States, 343 F.2d 139 (5th Cir.1965) (criminal defendant cannot be found guilty of conspiracy when all possible co-conspirators are government agents). This argument is foreclosed because we have already decided, on direct appeal, that there was sufficient evidence to convict Serrano of conspiring with two other individuals, who were not government agents, to distribute drugs. See United States v. Serrano, Nos. 89-10327, 89-10328, and 89-10343, unpublished memorandum disposition (9th Cir. Sept. 27, 1990).
 
 
 7
 Serrano's claim of ineffective assistance of counsel boils down to a disagreement with his counsel's trial strategy, and, therefore, it does not support the claim of inadequate representation. See Vincent, 758 F.2d at 382. Because Serrano has failed to show deficient performance on the part of his counsel, we do not need to determine whether Serrano was prejudiced by his counsel's actions. See Strickland, 466 U.S. at 687; Molina, 934 F.2d at 1447. The district court had sufficient information before it to determine the inadequate representation claim made by Serrano in his section 2255 motion. See Shah, 878 F.2d at 565. Therefore, the district court was not required to conduct an evidentiary hearing on the motion. See id. Accordingly, we affirm the decision of the district court.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Serrano also argues that (1) the government had an impermissible contingent-fee agreement with an informant, (2) he would have benefitted from an entrapment defense, and (3) his conviction on the six-count indictment constitutes multiple punishment for a single act. Because Serrano makes these arguments for the first time in his reply brief, we decline to review them. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th CIr.1991)