66 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glenn PAYNE, Petitioner-Appellant,
v.
James ROWLAND, Director of California Department of
Corrections; Robert G. Borg, Warden, Respondents-Appellees.
 No. 94-16931.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 16, 1995.
Decided Sept. 11, 1995.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Glenn Payne appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction, and we affirm.
 
 
 3
 * Payne was convicted in 1992 of kidnapping and sexually molesting two-year-old Sabrina G. Sabrina was kidnapped from her home while sleeping in her family's living room. The next morning, around the same time Sabrina's mother realized Sabrina was missing, a neighbor found Sabrina lying on the sidewalk and called police. Officer Patricia Potter was dispatched to the neighbor's home within minutes. Sabrina gave Potter a physical description of the kidnapper, which she repeated when Potter took her to her family's home.
 
 
 4
 About two hours later, Sabrina was examined by Dr. Kaein Desai. Sabrina told Desai that a black man who "lived across the street" had hurt her. After the examination, Sergeant Michael Schembri interviewed Sabrina for another five minutes. Sabrina again repeated her description of the man who hurt her and began to identify the man as "Tinisha's uncle."
 
 
 5
 Based on Sabrina's statements, Payne was arrested. About a month before the kidnapping, Payne had moved in with his mother, Betty Robbins, who lived across the street from Sabrina's family and, until about two weeks before the kidnapping, was Sabrina's babysitter. Robbins' granddaughter Tinisha also lived in the house.
 
 
 6
 On direct examination at Payne's trial, Sabrina identified Payne as the man who hurt her and said that Payne lived near her house with Tinisha and that his mother used to babysit her. On cross-examination, however, Sabrina would not respond to questioning. After repeated unsuccessful attempts by Payne's attorney to cross-examine Sabrina, the court concluded that Sabrina was not going to testify further.
 
 
 7
 Payne's attorney made separate motions to strike Sabrina's testimony and to declare a mistrial. The court agreed to strike Sabrina's testimony, but denied the motion for a mistrial. The court admonished the jurors to disregard Sabrina's testimony and asked each of them whether he or she could do so. The court excused one juror who stated definitively that he could not disregard the testimony, replaced him with an alternate, and proceeded with the trial.
 
 
 8
 The jury convicted Payne of one count of forcible lewd and lascivious conduct with a child, Cal.Pen.Code Sec. 288(a), and found that the offense involved kidnapping, id. Sec. 667.8(b), and great bodily injury, id. Sec. 12022.8. Payne was sentenced to 27 years in prison. Payne appealed to the state court of appeals, arguing that he was deprived of due process and his rights under the Confrontation Clause. The court affirmed his conviction, finding no error in the trial. The California Supreme Court denied Payne's timely petition for review.
 
 
 9
 Payne petitioned for a writ of habeas corpus in the district court. The district court denied the petition, and Payne filed a timely notice of appeal.
 
 II
 
 10
 Payne argues that the trial court's admission of hearsay evidence relating to Sabrina's identification of the kidnapper violated his rights under the Confrontation Clause. The evidence consisted of Sabrina's out of court statements to Officer Potter, Sergeant Schembri, and Dr. Desai.
 
 
 11
 Although we review de novo the question of whether Payne's rights under the Confrontation Clause were violated, we defer to the state court's factual findings regarding the timing, manner and circumstances of Sabrina's out of court statements. Swan v. Peterson, 6 F.3d 1373, 1379 (9th Cir.1993), cert. denied, --- U.S. ----, 115 S.Ct. 479 (1994). The trial court determined that Sabrina's age rendered her "really incapable of making extensive unsolicited statements about her circumstances or her condition," but that her statements were made within a "very short period of time following" what "was certainly within the category of ... as a startling experience" and "without any opportunity to reflect, to contrive, or to make a statement that would have some other motive other than describe what had happened to her as she can best communicate." The court expressly determined that the questioning of Sabrina was not suggestive.
 
 
 12
 Admission of hearsay statements does not violate the Confrontation Clause if the statements bear adequate indicia of reliability. Ohio v. Roberts, 448 U.S. 56, 66 (1980). When a statement is properly admitted under a "firmly rooted" hearsay exception, no other showing of reliability is required. White v. Illinois, 502 U.S. 346, 355-57 (1992); Roberts, 448 U.S. at 66. The trial court admitted Sabrina's out of court statements pursuant to California's firmly rooted hearsay exception for spontaneous or excited utterances, Cal.Evid.Code Sec. 1240. See White, 502 U.S. at 355-57 (Idaho's spontaneous declaration exception is a firmly rooted hearsay exception); Guam v. Ignacio, 10 F.3d 608, 614-15 (9th Cir.1993) (Guam's excited utterance exception is firmly rooted).
 
 
 13
 Sabrina's statements were made within a few hours after she was found sleeping in the cold after being abducted from her home and brutally victimized. The statements were properly admitted pursuant to a firmly rooted exception to the hearsay rule, so their admission did not violate the Confrontation Clause. Cf. United States v. Nick, 604 F.2d 1199, 1202 (9th Cir.1979) (three year old's statements within hours of molestation admissible under Fed.R.Evid. 803(2)); Morgan v. Foretich, 846 F.2d 941, 947 (4th Cir.1988) (four year old's statements within three hours of returning from sexually abusive father's home, made during her first opportunity to talk to her mother, were admissible under Rule 803(2)); see also United States v. Rivera, 43 F.3d 1291, 1296 (9th Cir.1995) ("Rather than focusing solely on the time a statement was made, we consider other factors, including the age of the declarant, the characteristics of the event and the subject matter of the statements.").
 
 III
 
 14
 Payne argues that the trial court's failure to declare a mistrial deprived him of due process. We do not agree. The trial court recognized that Sabrina's inability to submit to cross examination rendered inadmissible her testimony on direct. The court delivered a careful and thorough instruction to the jury admonishing them to disregard Sabrina's testimony.[1]
 
 
 15
 There is a presumption that jurors will comply with a trial court's instruction to disregard testimony that they heard but that was subsequently ruled inadmissible. Greer v. Miller, 438 U.S. 756, 767 n. 8 (1987); see, e.g., United States v. Aichele, 941 F.2d 761, 765 (9th Cir.1991); United States v. Yarbrough, 852 F.2d 1522, 1540 (9th Cir.), cert. denied, 488 U.S. 866 (1988); United States v. Vincent, 758 F.2d 379, 382 (9th Cir.), cert. denied, 474 U.S. 838 (1985); United States v. Escalante, 637 F.2d 1197, 1202-03 (9th Cir.), cert. denied, 449 U.S. 856 (1980). Although "some occurrences at trial may be too clearly prejudicial for such a curative instruction to mitigate their effect," Donnelly v. DeChristoforo, 416 U.S. 637, 644 (1974), the presumption that a jury will comply with a curative instruction is rebutted only in the "exceptional" case, see Escalante, 637 F.2d at 1203, where "there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions ..., and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant...." Greer, 483 U.S. at 767 n. 8 (quoting Richardson, 481 U.S. at 208, and Bruton v. United States, 391 U.S. 123, 136 (1986)).
 
 
 16
 Payne has failed to show that this is an "exceptional" case in which a trial court's decision to deliver a limiting instruction rather than declare a mistrial rendered the trial unfair. In light of the other evidence identifying Payne as the assailant, Sabrina's testimony was not so "devastating" that the jury could not disregard it as instructed. Sabrina's testimony was cumulative of her properly admitted out of court statements, which identified "Tinisha's uncle" as the kidnapper. The jury also heard evidence of a two-way hair transfer suggesting that Payne had recent contact with Sabrina. A state criminologist testified that there was only a 1 in 2,700 chance that a hair found on Payne's clothing after his arrest was from someone other than Sabrina and that there was only a 1 in 48 chance that a partial pubic hair discovered at the scene of the assault was from someone other than Payne. Moreover, to assure that the jury would comply with its instruction, the trial court questioned each member of the jury individually and asked whether he or she would be capable of complying. The court dismissed and replaced the one juror who stated definitively that he was unable to disregard Sabrina's testimony.
 
 
 17
 Payne's reliance on Henry v. Estelle, 33 F.2d 1037 (9th Cir.1994), rev'd on other grounds, --- U.S. ----, 115 S.Ct. 887 (1995), and McKinney v. Rees, 993 F.2d 1378 (9th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 622 (1993), is misplaced. In these cases we found reversible error when the trial court erroneously admitted inadmissible evidence. Here, the trial court concluded that Sabrina's testimony was inadmissible and instructed the jury to disregard it in its entirety.
 
 
 18
 Payne's reliance on Norris v. Risley, 918 F.2d 828 (9th Cir.1990), is similarly inapt. In Norris, we held that a state court violated the defendant's right to a fair trial by permitting court spectators to wear buttons reading "Women Against Rape" during the defendant's rape trial. Id. at 830-34. The trial court apparently did not instruct the jury not to draw inferences from the buttons. Indeed, we noted in an earlier decision in the same case that "if the [state] trial court ... had questioned the jurors to determine whether they might be swayed by the presence of the women, or had given precautionary instructions, the trial court's determination might be entitled to deference by the federal courts on a petition for habeas corpus." Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 
 19
 Payne has failed to demonstrate that the trial court's failure to declare a mistrial deprived him of a fair trial. The trial court's decision to deliver a curative instruction and voir dire the jurors to ensure compliance with that instruction was within its discretion.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The court instructed the jury as follows:
 Ladies and gentlemen, the Constitution of the United States and the Constitution of the State of California mandate that a defendant in a criminal case have an opportunity through his attorney to cross-examine any witness concerning testimony given by that witness on direct examination.
 You heard the testimony of Sabrina [G.]. She testified on direct examination. Due to circumstances that were obvious, I think to everybody, the child was not able to be cross-examined. And that was through nobody's fault. Certainly not her fault or the fault of counsel who both acted very properly and very professionally.
 But when a child or any witness is unable to be cross-examined, then the court is obligated as a matter of law to protect the constitutional right to cross-examine and to confront witnesses, to strike the testimony of the witness who's not being able to be cross-examined.
 When a court makes an order striking the testimony of a witness--and I am making an order at this time striking the testimony of Sabrina [G.] that was heard by you--that testimony may not be considered by you for any purpose. Any evidence that is stricken by the court must be treated by you as though you have never heard of that testimony.
 Will each of you be able to put out of your mind the testimony of the child? This requires an intellectual exercise on your part, obviously, to put out of your mind the testimony that you heard a make a decision in this case on the competent evidence that may be before you at the conclusion of the trial.
 ...
 It's very important that I have your assurance that you will be able to do that. I'm going to ask each of you that question directly....
 ...
 You heard it, but you know that you cannot consider it. So you base your decision on the evidence that you do hear. And you disregard the evidence that has been stricken. You don't consider it for any purpose. Okay?