**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Masala Majid JAMES, Defendant–Appellant.**

**No. 99–16780.**

United States Court of Appeals, Ninth Circuit.

Fed. R.App. P. 34(a)(2).

**2.** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

Before BEEZER, O'SCANNLAIN and KLEIFELD, Circuit Judges.

## MEMORANDUM[2]

Masal Majid James, a federal prisoner, appeals pro se denial of his 28 U.S.C. § 2255 motion challenging his conviction for six counts of bank robbery and one count of attempted bank robbery, in violation of 18 U.S.C. § 2113. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, see United States v. Alvarez–Tautimez, 160 F.3d 573, 575 (9th Cir.1998), and we affirm.

The district court granted a certificate of appealability to consider whether James' trial counsel rendered ineffective assistance of counsel.[3] James first contends that his trial counsel was deficient by failing to object to the admission of antedated Federal Deposit Insurance Corporation (FDIC) certificates into evidence to prove the banks' insured status. We disagree.

The record shows that the antedated certificate of insurance was coupled with a notarized declaration from the assistant executive secretary of the FDIC stating that she could find no record or entry indicating that the banks' insured status had been terminated prior to the date of the robbery. Because this evidence was sufficient to establish that the

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, James' request for oral argument is denied.

3. We decline to address the other contentions raised in James' opening brief because those issues were not included in the certificate of appealability and James did not move under 9th Cir. R. 22–1(d) for broader certification. See 9th Cir. R. 22–1(d).

banks were federally insured on the date of the robbery, counsel was not deficient for failing to object on this basis. *See United States v. Alexander*, 48 F.3d 1477, 1487 (9th Cir.1995) (concluding admission of both the certificate of insurance and bank official's declaration was proper to show bank's federally insured status).

 James next contends that trial counsel rendered ineffective assistance by (1) failing to call two witnesses who had described someone other than James as the individual who robbed the Great Western Bank in Oakland, California; and (2) failing to call witnesses to the other robberies, who were previously unable to positively identify James as the robber. We conclude, however, that counsel's failure to call the witnesses did not prejudice James' defense in light of the overwhelming evidence of guilt presented at trial. *See United States v. James*, 139 F.3d 709, 711 (9th Cir.1998); *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Finally, James argues that counsel should have further impeached a key government witness. Because James' disagreement with his counsel's trial strategy cannot support a claim of inadequate representation, the district court properly dismissed this claim. *See United States v. Vincent*, 758 F.2d 379, 382 (9th Cir.1985).

AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.