John Robert BOWEN, Petitioner—
Appellant,

v.

Robert O. LAMPERT, Respondent—
Appellee.

No. 03–36010.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Nov. 16, 2004.

Anthony David Bornstein, Esq., Federal Public Defender'S Office, Portland, OR, for Petitioner–Appellant.

Lynn David Larsen, AAG, Douglas Park, Esq., Oregon Department of Justice, Salem, OR, for Respondent–Appellee.

Before: FERGUSON, TROTT, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Petitioner John Bowen ("Bowen") challenges the District Court's dismissal of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. A state jury convicted Bowen of two counts of first-degree sodomy involving his two sons. He was sentenced to 70 months imprisonment on count one, 60 consecutive months imprisonment on count two, and 36 months of post-prison supervision. Bowen contends that both his trial and appellate counsel were ineffective in failing to challenge the trial court's allegedly defective jury instructions. Because Bowen is procedurally barred from making this claim, we affirm the District Court's denial of habeas relief.

### I.

Bowen is procedurally barred from raising his ineffective assistance of counsel claim because he did not comply with Oregon Revised Statute ("Or.Rev.Stat.") § 138.550(3). This state procedural rule provides the following requirement for post-conviction petitions:

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

Bowen failed to set forth specifically in his original *pro se* and amended post-conviction petitions that both his trial and appellate counsel were ineffective in not challenging the state trial court's allegedly defective jury instructions. As such, he failed to state all grounds for relief and waived his ineffective assistance of counsel claim.

For a state procedural rule to preclude federal collateral review, it must clearly rest on adequate and independent state grounds. *See Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). First, Or.Rev.Stat. § 138.550(3) is independent because its application does not rely on federal law. *See Michigan v. Long,* 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). The Oregon Court of Appeals, in fact, did not rely on any precedent ruling on federal law in applying Or.Rev.Stat. § 138.550(3) and, as a result, in denying Bowen post-conviction relief. *See Park v. California,* 202 F.3d 1146, 1152 (9th Cir.2000).

Second, Or.Rev.Stat. § 138.550(3) is an adequate state procedural rule because it is clear, regularly followed, and well-established. *Ford v. Georgia,* 498 U.S. 411, 424, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). Oregon courts have relied on Or.Rev.Stat. § 138.550(3) for many years to reject appeals, including in cases before Bowen's original conviction. Thus, the state procedural default was sufficiently clear at the time of Bowen's default so as to have put him on notice that he needed to set forth specifically in his post-conviction petition all grounds for relief. *See Bargas v. Burns,* 179 F.3d 1207, 1212 (9th Cir.1999) (finding that a state procedural rule is sufficiently clear when petitioner has notice of the rule at the time of his default).

The state procedural rule has also been applied consistently and even-handedly "in the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n. 6, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989) (explaining that it is not necessary for consistency that state courts apply the particular procedural bar in every applicable case so long as it is applied even-handedly in most cases). Moreover, the rule has been well-established since 1959. Because Or.Rev.Stat. § 138.550(3) is an independent and adequate state procedural rule, Bowen is therefore procedurally barred from raising his ineffective assistance of counsel claim, as it pertains to challenging the allegedly defective jury instructions, on habeas review.

II.

If a petitioner has procedurally defaulted on a claim in state court, the federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present constitutional issues to the highest state court or demonstrates that failure to consider the claims will result in a fundamental "miscarriage of justice." *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Murray v. Carrier,* 477 U.S. 478, 493, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Attorney error that rises to the level of ineffective assistance of counsel may constitute cause to excuse a procedural default. *McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). But if the claim of ineffectiveness is itself defaulted, it cannot be the basis for cause, unless the petitioner can establish cause and prej-

858

udice with respect to the ineffectiveness claim itself. *Edwards v. Carpenter,* 529 U.S. 446, 452–54, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

Here, Bowen failed to prove that both his trial and appellate counsel's failure to challenge the allegedly defective jury instructions constituted ineffective assistance of counsel; he did not show "cause and prejudice." *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (establishing the test for ineffective assistance of counsel, which requires that a defendant show both that his attorney's performance was deficient, and that the performance prejudiced the defense). As a preliminary matter, Bowen did not explain beyond vague conclusory statements how the jury instructions were in fact misleading.

More importantly, Bowen did not show in the pleadings or at oral argument how his counsel failed to exercise the "skill, judgment, or diligence of a reasonable competent attorney" given the circumstances. *See Weygandt v. Ducharme,* 774 F.2d 1491, 1493 (9th Cir.1985) (citing *United States v. Vincent,* 758 F.2d 379, 381 (9th Cir.1985)). Furthermore, even assuming the jury instructions were defective, and that Bowen's attorneys' performance was therefore clearly deficient, Bowen failed to "affirmatively prove prejudice." *See Jennings v. Woodford,* 290 F.3d 1006, 1012 (9th Cir.2002). He did not demonstrate how, *but for* his attorneys failing to challenge the jury instructions, the result in the case would have been different.

### III.

For the foregoing reasons, we AFFIRM the District Court's dismissal of Bowen's federal habeas corpus petition.