NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHARI CANE, | No. 22-35936 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00032-TJC |
| v. | |
| COREY O'NEILL, in his official and individual capacities; STEVE KUNNATH, in his official and individual capacities; JOHN DOE, in his official and individual capacities; CITY OF LIVINGSTON, Montana; JAY PORTEEN, in his official and individual capacities, | MEMORANDUM[*] |
| Defendants-Appellees. | |

| | |
|---|---|
| SHARI CANE, | No. 22-35994 |
| Plaintiff-Appellee, | D.C. No. 1:20-cv-00032-TJC |
| v. | |
| COREY O'NEILL, in his official and individual capacities, | |
| Defendant-Appellant, | |
| and | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

STEVE KUNNATH, in his official and individual capacities; JOHN DOE, in his official and individual capacities; CITY OF LIVINGSTON, Montana; JAY PORTEEN, in his official and individual capacities,

      Defendants.

SHARI CANE,

      Plaintiff-Appellee,

  v.

CITY OF LIVINGSTON, Montana,

      Defendant-Appellant,

 and

COREY O'NEILL, in his official and individual capacities; STEVE KUNNATH, in his official and individual capacities; JOHN DOE, in his official and individual capacities; JAY PORTEEN, in his official and individual capacities,

      Defendants.

No.   22-35995

D.C. No. 1:20-cv-00032-TJC

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Argued and Submitted November 15, 2023
University of Washington Law School, Seattle, Washington

Before: McKEOWN and GOULD, Circuit Judges, and BENNETT,[**] District Judge.

Shari Cane appeals the district court's denial of her motion for a mistrial in a civil action brought pursuant to 42 U.S.C. § 1983 against Livingston Police Officer Corey O'Neill and the City of Livingston ("City"). O'Neill and the City cross-appeal the district court's denial of O'Neill's motion for summary judgment on the basis of qualified immunity. We affirm the denial of the motion for mistrial and dismiss the summary-judgment cross-appeal for lack of jurisdiction. Because the parties are familiar with the facts, we do not recount them here.

"A district court's decision on a motion for mistrial is reviewed for abuse of discretion." *United States v. Vincent*, 758 F.2d 379, 380 (9th Cir. 1985). "Moreover, [d]eclaring a mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial effect of an error." *United States v. Randall*, 162 F.3d 557, 559 (9th Cir. 1998) (internal quotation marks and citations omitted) (alteration in original).

The district court did not abuse its discretion by denying the motion for mistrial. Cane argues that a mistrial was warranted because O'Neill's counsel made a prejudicial statement regarding Cane's criminal history during his opening

---

[**] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

statement. Preliminarily, Cane did not propose any curative instruction at trial and has therefore waived a challenge. Additionally, the record reflects the single comment came immediately after the court had instructed the jury not to treat opening statements as evidence, and at the close of trial, the court gave the curative instructions it stated it would when denying Cane's motion. Therefore, the court's instructions cured the prejudicial effects, if any, of the comment made by O'Neill's counsel "because juries are presumed to follow such cautionary instructions." *Randall*, 162 F.3d at 559.

As to the cross-appeal, we lack jurisdiction to review the denial of summary judgment. Federal appellate courts generally do not have jurisdiction over denials of summary judgment after trial. *See Booker v. C.R. Bard, Inc.*, 969 F.3d 1067, 1072 (9th Cir. 2020) (citing *Ortiz v. Jordan*, 562 U.S. 180, 184–85 (2011)). Because the district court denied O'Neill's qualified-immunity claim on the basis of factual disputes regarding the stop and arrest of Cane, and the jury verdict in favor of O'Neill resolved these disputes, the issue is moot. *See Rodriguez v. County of Los Angeles*, 891 F.3d 776, 794 (9th Cir. 2018).

The district court's denial of the motion for mistrial is **AFFIRMED**, and the cross-appeal on the denial of the summary-judgment motion is **DISMISSED**.