8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert D. WIDERGREN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Robert D. WIDERGREN, Defendant-Appellee.
 Nos. 92-10595, 92-10642.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1993.
Decided Aug. 30, 1993.
 
 Before WALLACE, Chief Judge, and D.W. NELSON and O'SCANNLAIN, Circuit Judges.
 
 MEMORANDUM
 
 1
 Widergren appeals from his convictions following a jury trial for mail fraud, 18 U.S.C. § 1341, securities fraud, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5 (1991), and criminal contempt, 18 U.S.C. § 401(3). Both Widergren and the government appeal from the sentence imposed by the district court under the United States Sentencing Guidelines (Guidelines). The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm Widergren's conviction, vacate his sentence, and remand for resentencing.
 
 
 2
 Widergren requested a jury instruction based on his purported good faith reliance on the advice of counsel. The district court gave a general good faith instruction but did not include Widergren's specific proposed instruction. Widergren contends that the district court erred by not providing the jury with his proposed instruction.
 
 
 3
 Widergren has not pointed out sufficient evidence in the record to show that he relied in good faith on the advice of counsel. Even if he had, however, "a defendant is not entitled to any particular form of an instruction so long as the instructions given fairly and adequately cover his theories of defense." United States v. Faust, 850 F.2d 575, 583 (9th Cir.1988). The general good faith instruction given by the district court "fairly and adequately" covered Widergren's defense positions. The district court informed the jury that good faith was a complete defense to the crimes with which Widergren was charged and that "[a] person who acts ... on a belief or an opinion honestly held is not punishable for mail or securities fraud merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of intent to defraud." This instruction was adequate to insure that the jury would not find Widergren guilty if it believed, as Widergren argued, he had relied in good faith on the advice of his counsel in not disclosing information regarding his past and the future prospects of StarSignal. United States v. Walters, 913 F.2d 388, 391 (7th Cir.1990), relied on by Widergren, is inapposite. In that case, there is no indication that the district court gave any good faith instruction.
 
 
 4
 Widergren contends that there was insufficient evidence to conclude that he acted with the intent to defraud. There is sufficient evidence to support a conviction if, " 'after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 5
 Based on the testimony and documents presented at trial, together with the inferences drawn from that evidence, we conclude that a rational jury could find that Widergren knowingly and intentionally engaged in a scheme to defraud. The evidence indicates that Widergren orchestrated an ongoing attempt to inflate the value of StarSignal. Information pertaining to his consent decree, the bankruptcy of Widcom, and such financial setbacks as the so-called "Antebi incident" were excluded for corporate documents circulated to investors. Projects such as the "Spanish Accord" and a public offering were misleadingly presented as near completion. Representations regarding a "backlog of ninety-eight firm orders for the colorfax" and the existence of a "special products divisions" were simply not true. In all, the corporate documents discussed in the indictment reveal a pervasive pattern of misrepresentation and omission. Contrary to Widergren's assertions, moreover, the evidence that the shortcomings in these documents were the result of bad legal advice is virtually nonexistent. We therefore hold that the evidence presented at trial supports Widergren's convictions for mail fraud, securities fraud, and criminal contempt.
 
 
 6
 Widergren contends that the district court erred in admitting the testimony of a government witness regarding Spanish corporate law. "Whether to admit expert testimony in a criminal trial is a decision left to the discretion of the trial judge, and we will not overturn that decision in the absence of an abuse of such discretion." United States v. Barker, 942 F.2d 585, 589 (9th Cir.1991) (Barker ).
 
 
 7
 Although the government did not offer Popec as an expert, the district court seems to have considered him an expert on Spanish corporate law. The court permitted Popec to testify as to "the general processes and procedures as he's come to know them with respect to this qualification to do business in Spain."
 
 
 8
 Popec is a business consultant who specializes in helping American companies do business in Spain. He has 35 years of experience working with the Spanish government and has completed over 100 agreements between American concerns and the Spanish government. Popec easily "qualified as an expert by knowledge, skill, experience, training, or education." Fed.R.Evid. 702. As the district court pointed out, Popec's testimony may well have assisted the jury in understanding the evidence or determining a fact in issue. See Barker, 942 F.2d at 589. We therefore hold that the district court did not abuse its discretion in admitting Popec's testimony.
 
 
 9
 Widergren also contends that the district court erred in failing to declare a mistrial when a government witness testified that Widergren engaged in a transaction prohibited by California civil law. The decision of the district court to deny a motion for a mistrial is reviewed for abuse of discretion. United States v. Davis, 932 F.2d 752, 761 (9th Cir.1991).
 
 
 10
 Perisho, a former accountant for StarSignal, testified that StarSignal's handling of the "Antebi incident" violated California law. Widergren objected and moved for a mistrial. The district court sustained the objection insofar as Perisho stated a legal conclusion and instructed the jury "to disregard the witness's characterizations of the transaction as violating some provision of law." Widergren contends that the instruction given by the district court did not overcome the prejudice caused by Perisho's comments.
 
 
 11
 In general, "a cautionary instruction from the judge is sufficient to cure any prejudice to the defendant." United States v. Escalante, 637 F.2d 1197, 1202-03 (9th Cir.), cert. denied, 449 U.S. 856 (1980). Declaring a mistrial "is appropriate only where there has been so much prejudice that an instruction is unlikely to cure it." Id. at 1203. Here, the district court sustained Widergren's objection, struck the challenged testimony, and gave a cautionary instruction. Widergren does not offer any reason why the "strong presumption that the jury followed the court's instruction," United States v. Vincent, 758 F.2d 379, 382 (9th Cir.) (internal quotation omitted), cert. denied, 474 U.S. 838 (1985), should not apply in this case.
 
 
 12
 We turn now to the sentencing issues raised by Widergren. We review de novo the district court's legal interpretations of the Guidelines. United States v. Foppe, 993 F.2d 1444, 1452 (9th Cir.1993). Its factual determinations are reviewed for clear error. Id.
 
 
 13
 Widergren vigorously objected to the presentence report's conclusion that the fraud involved more than $2.5 million and therefore merited a 13-level increase in his base offense level pursuant to U.S.S.G. § 2F1.1(b)(1)(N). He first contends that the district court erred in denying his request for an evidentiary hearing to establish the amount of loss from the fraud. The decision of the district court to deny a motion for an evidentiary hearing on a disputed sentencing issue is reviewed for an abuse of discretion. United States v. Upshaw, 918 F.2d 789, 791 (9th Cir.1990), cert. denied, 111 S.Ct. 1335 (1991).
 
 
 14
 The district court determined that such a hearing was unnecessary and that it would rely on the facts as developed during the trial. The court also stated that it would consider the objections to the presentence report filed by Widergren. "An evidentiary hearing may be conducted by the district court in its discretion, but such a hearing is not mandatory." Id. Here, Widergren filed written objections to the presentence report and a sentencing memorandum with supporting documents. Because Widergren was given an opportunity to make a written submission, the district court did not abuse its discretion in not holding an evidentiary hearing. See id.
 
 
 15
 Second, Widergren contends that the district court violated the requirements of Federal Rule of Criminal Procedure 32(c)(3)(D). Rule 32(c)(3)(D) provides that if the defendant alleges a factual inaccuracy in the presentence report, the district court must make either "a finding as to the allegation" or "a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R.Crim.P. 32(c)(3)(D). The finding or determination must be in writing and attached to the presentence report made available to the Bureau of Prisons. Id. "We require strict compliance with Rule 32, and if the district court 'failed to make the required Rule 32 findings or determinations at the time of sentencing, we must vacate the sentence and remand for resentencing.' " United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991), quoting United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc).
 
 
 16
 Prior to sentencing, the district court stated that it would, "for purposes of sentencing, rely upon the language of the superseding indictment as to the offenses of conviction [and] as [to] the description of the relevant conduct for purposes of sentencing." It then commented: "I understand that there is some language in the presentence report beyond the descriptions in the superseding indictment to which counsel take issue and for purposes of sentencing those are not being considered, at least as to the description of the offense conduct." Finally, the district court emphasized that it was basing its loss calculation on "the evidence adduced at trial."
 
 
 17
 We have held that, in order to satisfy the first prong of the Rule 32 test, "the sentencing record must unambiguously reflect that the court placed no reliance on the disputed information." United States v. Helmy, 951 F.2d 988, 998 (9th Cir.1991), cert. denied, 112 S.Ct. 2287 (1992). Here, the district court qualified its determination that the "matter controverted will not be taken into account in sentencing." Fed.R.Crim.P. 32(c)(3)(D). Although the district court stated that it would not consider the facts challenged by Widergren "at least as to the description of the offense conduct," it did not indicate to what extent it would take this material into account. The district court also stated that it would consider the language of the superseding indictment. However, Widergren challenged the presentence report's description of the superseding indictment. As Widergren correctly points out, the indictment states merely that StarSignal raised approximately $3 million to $5 million between July 1987 and March 1990. It does not state that Widergren defrauded investors by this amount. It is unclear whether the district court considered the language of the indictment itself or the presentence report's description of that language. Although the district court stated that it calculated the amount of loss "based on the evidence adduced at trial," we doubt this is sufficient here. In addition, it is troubling that the district court arrived at the same figure as the presentence report. Because the sentencing record does not "unambiguously reflect that the court placed no reliance on the disputed information," we remand to have the issue clarified.
 
 
 18
 In addition, we have stated that a district court "should make clear on the record its resolution of all disputed matters, and that specific findings of fact are to be encouraged." United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990). Beyond stating that the loss was $2.5 million "based on the evidence adduced at trial," the district court does not give any indication how it arrived at this figure. Although the district court "need only make a reasonable estimate of loss," U.S.S.G. § 2F1.1 n. 7, we need some basis upon which to determine whether the district court's findings are clearly erroneous. It is unclear whether $2.5 million is the measure of actual or intended loss. It is also unclear whether this figure is based on trial testimony or the language of the indictment. The indictment states that from July 15, 1987, to March 6, 1990, StarSignal "raised between approximately $3,000,000 and $4,700,000 from over one hundred investors through the sale of its common stock." Assuming that the district court relied on this figure at least in part, it is unclear whether it considered Widergren's objections that the funds raised by StarSignal during this time period do not provide an accurate measure of the loss involved. We can more effectively carry out our review if the issue is clarified. Cf. id. (findings of fact adequate where "district court clearly stated that it found the position as stated in the [presentence report] to be the correct one").
 
 
 19
 Therefore, for both of these reasons, we vacate Widergren's sentence and remand to the district court to make explicit findings of fact regarding the loss occasioned by Widergren's fraud.
 
 
 20
 On cross-appeal, the government contends that the district court erred in failing to adjust Widergren's offense level upward for more than minimal planning, U.S.S.G. § 2F1.1(b)(2), and for violating a judicial decree, U.S.S.G. § 2F1.1(b)(3)(B). The district court refused to increase Widergren's base offense level sentence pursuant to these two provisions on the grounds that "in mail fraud and security fraud ... there are multiple victims [and] they involve more than minimal planning."
 
 
 21
 We are not persuaded by the district court's legal reasoning. The government did not seek an upward departure and thus did not have to demonstrate that the circumstances of Widergren's case were of a kind or to a degree not adequately taken into account by the Sentencing Commission when it formulated the Guidelines.
 
 
 22
 Section 2F1.1(b)(2) provides for a two-level increase "[i]f the offense involved (A) more than minimal planning, or (B) a scheme to defraud more than one victim." There is no exception for mail or security fraud. The fact that most mail and security fraud cases may qualify for an enhancement pursuant to this provision is irrelevant.
 
 
 23
 Section 2F1.1(b)(3)(B) provides for a two-level increase "[i]f the offense involved ... violation of any judicial or administrative order, injunction, decree, or process." Again, the plain language of this provision does not provide an exception for mail and security fraud violations. Indeed, Widergren himself admitted that an increase in his base offense level pursuant to section 2F1.1(b)(3)(B) was warranted. Widergren's "groupability" argument, raised for the first time on appeal, is meritless. We therefore direct the district court on remand to apply these two provisions in calculating Widergren's sentence.
 
 
 24
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.