**Vernon C. WEYGANDT,
Petitioner-Appellant,**

v.

**Kenneth DUCHARME, et al.,
Respondent-Appellee.**

No. 84–3957.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 4, 1985.

Decided Oct. 30, 1985.

Mark D. Mestel, Everett, Wash., for petitioner-appellant.

Michael P. Lynch, Asst. Atty. Gen., Dept. of Corrections, Olympiz, Wash., for respondent-appellee.

1. For a more detailed account of the murder, see *State v. Weygandt,* 20 Wash.App. 599, 601–03, 581 P.2d 1376, 1377–78 (1978).

2. The Washington Court of Appeals denied reconsideration of Weygandt's direct appeal and

Before WRIGHT, PREGERSON, and ALARCON, Circuit Judges.

PREGERSON, Circuit Judge:

Vernon C. Weygandt, a Washington state prisoner, appeals the district court's denial of his petition for writ of habeas corpus. Weygandt contends that he was denied effective assistance of counsel in violation of his right to a fair trial. We affirm.

## I

### BACKGROUND.

Weygandt was convicted in 1977 of second degree murder in the shooting death of Jamie Grimes at the Red Lion Tavern in Anacortes, Washington.[1] The Court of Appeals of Washington affirmed Weygandt's conviction. *State v. Weygandt,* 20 Wash. App. 599, 608, 581 P.2d 1376, 1381 (1978). Washington state courts denied Weygandt's petitions for post-conviction relief.[2] Weygandt then filed a pro se petition for a writ of habeas corpus in district court challenging his conviction on several grounds, including ineffective assistance of counsel. The district court denied Weygandt's petition without an evidentiary hearing. Weygandt, represented by counsel, timely appealed only the dismissal of his claim of ineffective assistance of counsel.

## II

### STANDARD OF REVIEW

This court reviews the district court's denial of petitioner's writ of habeas corpus de novo. *Chatman v. Marquez,* 754 F.2d 1531, 1533–34 (9th Cir.1985); *Roth v. United States Parole Commission,* 724 F.2d 836, 839 (9th Cir.1984). This court also reviews de novo the district court's determination, based on the trial record in state court, that counsel rendered effective

dismissed both Weygandt's personal restraint petitions. The Washington Supreme Court twice rejected Weygandt's applications for discretionary review.

assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984); *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir.1985).

### III

### INEFFECTIVE ASSISTANCE OF COUNSEL [3]

■■■ Weygandt contends that his counsel's failure to object to five allegedly prejudicial errors and counsel's failure to call additional witnesses amounted to a denial of Weygandt's Sixth Amendment right to effective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must show that his " 'attorney's errors reflect a failure to exercise the skill, judgment, or diligence of a reasonably competent attorney,' and that [he] suffered prejudice as a result of those errors." *United States v. Vincent*, 758 F.2d 379, 381 (9th Cir.1985) (quoting *United States v. Murray*, 751 F.2d 1528, 1535 (9th Cir.1985)); *see Strickland v. Washington*, 466 U.S. at ——-——, 104 S.Ct. at 2064–65 (1984); *United States v. Schaflander*, 743 F.2d 714, 717–18 (9th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 1772, 84 L.Ed. 832 (1985). There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. *Strickland*, 466 U.S. at ——, 104 S.Ct. at 2066.

■■■ Here, the only error Weygandt's counsel committed was in failing to object to the prosecutor's improper closing remarks. Weygandt failed to demonstrate, however, that he was actually prejudiced by this error. *See Strickland*, 466 U.S. at ——, 104 S.Ct. at 2064; *Vincent*, 758 F.2d at 381. A defendant is prejudiced if the court finds it is reasonably probable that, but for counsel's unprofessional errors, the result at trial would have been different. *Strickland*, 466 U.S. at ——, 104 S.Ct. at 2068; *Schaflander*, 743 F.2d at 718. Although Weygandt's attorney should have objected to the prosecutor's improper remarks, his failure to do so, evaluated in light of the overwhelming evidence of guilt presented at trial, did not so prejudice Weygandt as to deprive him of a fair trial. The record shows that forty-two witnesses, including Weygandt, testified at trial. The jury heard eyewitness testimony and evidence of Weygandt's admission of guilt. Finally, the State submitted physical evidence corroborating Weygandt's disposal of Grimes's body. *See State v. Weygandt*, 20 Wash.App. 599, 581 P.2d 1376 (1978).

Thus, Weygandt's counsel's failure to object to the prosecutor's improper remarks in closing argument falls short of constitutional prejudice warranting habeas corpus relief when considered within the "totality of evidence." *Strickland*, 466 U.S. at ——, 104 S.Ct. at 2069. Accordingly, Weygandt

---

**3.** The State contends that *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977), bars federal judicial review of Weygandt's habeas corpus petition because Weygandt failed to establish "cause" for his attorney's failure to object below. However, the *Wainwright* discussion is inapplicable here because Weygandt appeals only the district court's denial of habeas relief based on ineffective assistance of counsel. Weygandt is not seeking independent review of the alleged trial errors that are procedurally barred (lesser included instruction, *Bruton* violation, Fifth Amendment witness, burden-shifting instruction, and closing argument).

Indeed, Weygandt's counsel noted in his brief that "[w]hile each of the grounds independently might form the basis for relief, counsel is cognizant that this Court might find that insufficient steps were taken by trial counsel to preserve these errors for review independent of the right to counsel issue." Petitioner's Brief at 2.

It is clear that Weygandt does not contend here that the five procedurally barred errors should be independently reviewable because ineffective assistance of counsel constitutes a "cause" exception to the *Wainwright* rule. Instead, the case involves a *separate* review of Weygandt's Sixth Amendment claim of ineffective assistance of counsel. *See Garrison v. McCarthy*, 653 F.2d 374, 378 (9th Cir.1981) (counsel's inadvertence or ignorance not amounting to a Sixth Amendment violation may be sufficient cause under *Wainwright v. Sykes*). The Ninth Circuit addressed this issue directly in *Gibson v. Spalding*, 665 F.2d 863 (9th Cir. 1981). There, the Court held that when a petitioner claims ineffective assistance of counsel, the cause prong might be satisfied "with proof short of that necessary to make out a Sixth Amendment claim." *Id.* at 866, *citing Garrison v. McCarthy*, 653 F.2d at 378.

failed to establish that his detention violates the Constitution. *See* 28 U.S.C. § 2254; *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963); *Bashor v. Risley,* 730 F.2d 1228, 1232 (9th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984). Therefore, Weygandt is not entitled to habeas corpus relief.

## IV

## CONCLUSION

We affirm the district court's dismissal of Weygandt's petition for a writ of habeas corpus.

AFFIRMED.