978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Arnold SORENSEN, Petitioner-Appellant,
v.
Jack McCORMICK, Respondent-Appellee.
 No. 91-36189.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 26, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Arnold Sorenson, a Montana state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his state conviction for misdemeanor marijuana possession, felony marijuana possession, and sale and conspiracy to sell marijuana. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Weygandt v. Ducharme, 774 F.2d 1491, 1492 (9th Cir.1985), and affirm.
 
 
 3
 Sorenson contends that the district court's denial of his habeas petition was improper because the Montana state trial court erred by allowing the testimony of Wayne Wagner, a co-conspirator, into evidence. This contention lacks merit.
 
 
 4
 Wagner was called by the prosecution to testify as a co-conspirator at trial. Wagner testified that he had obtained the marijuana found in his duffel bag from unnamed individuals in Montana. The prosecution impeached Wagner with his prior statement given to an arresting officer that he had obtained the marijuana from Sorenson.
 
 
 5
 Under Rule 801(d) of the Montana Rules of Evidence, if a declarant testifies at trial and is subject to cross-examination on a prior inconsistent statement, the prior statement is not hearsay. Mont.R.Evid. 801(d)(1). Here, the trial court determined that the defense counsel had an adequate opportunity to cross-examine Wagner on the prior inconsistent statement. Accordingly, the trial court did not err in its application of the Montana Rules of Evidence. See id.
 
 
 6
 Sorenson asserts, however, that the prosecution's sole purpose of calling Wagner as a witness was to impeach Wagner with the prior statement in order to use the impeaching testimony as substantive evidence against Sorenson. He argues that this practice is prohibited under the Federal Rules of Evidence precluding the admissability of hearsay, and constitutes a violation of his right to confront the witness under the sixth amendment. This contention lacks merit because the Federal Rules of Evidence are not binding on the state courts. Moreover, where the declarant is present to testify and is subject to cross examination, as here, the declarant's out of court statement does not create a confrontation problem. See Nelson v. O'Neil, 402 U.S. 622, 626-27 (1971); State v. Bell, 731 P.2d 336, 341 (Mont.1987) (citations omitted).
 
 
 7
 Sorenson next contends that the district court improperly dismissed his habeas petition because his arrest and the search and seizure of his property violated his rights under the fourth amendment. This contention also lacks merit.
 
 
 8
 Fourth amendment claims are not cognizable in a federal habeas proceeding if an "opportunity for a full and fair litigation" of such claims has been provided in the state courts. Stone v. Powell, 428 U.S. 465, 494 (1976); Mitchell v. Goldsmith, 878 F.2d 319, 323 (9th Cir.1989). Here, Sorenson filed pretrial motions to suppress the evidence on the grounds of his alleged illegal arrest and the subsequent search of his property. The denial of the motions was affirmed by the Montana Supreme Court. See State v. Sorenson, 792 P.2d 363 (Mont.1990). Therefore, Sorenson has had a full and fair opportunity to litigate his fourth amendment claims in the state court. See Stone, 428 U.S. at 494; Goldsmith, 878 F.2d at 323. Accordingly, the district court did not err by denying Sorenson's petition for habeas corpus.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Sorenson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3