990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio E. VALDEZ, Petitioner-Appellant,
v.
J. THOMAS, et. al., Respondents-Appellees.
 No. 92-15394.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 17, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Antonio E. Valdez appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition, challenging his jury conviction for aggravated assault. We affirm.
 
 
 3
 Valdez argues that he received ineffective assistance of counsel because his trial attorney failed to object to the prosecutor's closing argument. The prosecutor remarked:
 
 
 4
 I want to first address the almost concession that Mr. Acuna almost made at the end of his remarks. And that was that he almost conceded that you could find the lesser-included offense.
 
 
 5
 I suggest to you folks he wants you to find the lesser-included offense because he wants you to plea bargain. He wants you to give him the plea bargain the State wouldn't, and that's not your job.
 
 
 6
 The prosecutor's comments were improper. Evidence concerning plea bargaining is prohibited by Rule 17.4(f) of the Arizona Rules of Civil Procedure. More importantly, the prosecutor's remarks indicated to the jury that Valdez had unsuccessfully sought a plea bargain from the state. A reasonable juror might infer that Valdez had sought a plea bargain because he knew he was guilty.
 
 
 7
 Valdez's trial attorney failed to object to the prosecutor's closing comments. He was aware that "the argument had some problem with it," but was unfamiliar with the specific objection to make. His failure to object was not a strategic choice.
 
 
 8
 We evaluate Valdez's ineffective assistance of counsel claim under the Supreme Court's two-part Strickland test:
 
 
 9
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.
 
 
 10
 Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, Valdez must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 11
 In Featherstone v. Estelle, 948 F.2d 1497, 1507 (9th Cir.1991), we held that trial counsel's failure to object to the prosecutor's "manifestly improper" closing argument did not prejudice the defendant where substantial independent evidence pointed squarely at his guilt. Similarly, in Weygandt v. Ducharme, 774 F.2d 1491, 1493 (9th Cir.1985), we rejected an ineffective assistance claim because it was not reasonably probable that the result of the trial would have been different had counsel objected to the prosecutor's improper closing argument.
 
 
 12
 Although Valdez's attorney erred in failing to object to the prosecutor's closing argument, we are satisfied that Valdez was not prejudiced by the mistake. Substantial independent evidence corroborated his guilt. Three eyewitnesses testified that they saw Valdez grab the unarmed victim and place a knife to his throat, producing a small cut on the victim's neck. The victim then ran out of the room, and appeared excited and upset when the police arrived. Valdez ran when the police arrived. It is not reasonably probable that the result of the trial would have been different had Valdez's attorney objected to the prosecutor's improper closing argument.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3