26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Adam Clayton SUTTON, Petitioner-Appellant,
v.
Peggy L. KERNAN, Respondent-Appellee.
 No. 93-15751.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 13, 1994.*
Decided May 25, 1994.
 
 1
 Before: FLETCHER and TROTT, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 California state prisoner Adam Clayton Sutton appeals pro se the denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his conviction for first degree murder. Sutton contends that: (1) the district court erred in ruling that substantial evidence existed to support the state court's finding of deliberation, premeditation, and motive for first degree murder within the meaning of California law; (2) he was denied his Sixth Amendment right to effective assistance of counsel when the state trial court refused to discharge his counsel and appoint a new one after Sutton brought a conflict of interest situation involving counsel to the court's attention and because of deficient investigation by his attorney. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and affirm.
 
 I.
 Sufficiency of Evidence
 
 4
 Sutton first argues that the evidence at trial was insufficient to support a conviction for first degree murder under California law. A federal court on habeas determines only whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Payne v. Borg, 982 F.2d 335, 338 (9th Cir.1992), cert. denied, 114 S.Ct. 131, 126 L.Ed.2d 94 (1993) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original)). In federal habeas corpus proceedings, state court determinations on factual issues are presumed correct. 28 U.S.C. Sec. 2254(d).
 
 
 5
 A conviction for first degree murder in California requires an intent to kill formed upon a pre-existing reflection which was the subject of actual deliberation and forethought. People v. Anderson, 70 Cal.2d 15, 26, 447 P.2d 942, 73 Cal.Rptr. 550 (1968). A verdict of first degree murder on a theory of willful, deliberate and premeditated killing is proper only if the slayer killed as a result of careful thought and weighing of considerations, as a deliberate judgment or plan, carried on coolly and steadily and according to a preconceived design. Id.
 
 
 6
 In the present case, as both the California Court of Appeal and the District Court below found, strong circumstantial evidence was introduced from which a rational juror could conclude beyond a reasonable doubt that the elements of first degree murder were satisfied. The record shows the planning and prior efforts of Sutton to find an enemy of his motorcycle club and to confront or attack him; a motive, reprisal for this person's participation in a fight at a dance at the motorcycle clubhouse, was clear. The jury could further infer that when Sutton reached across a passenger in the victim Spagner's parked car, to shoot a single deadly shot point blank at Spagner's head after asking for Spagner's name, appellant killed by preconceived design, and not from any momentary explosiveness. From the manner of the killing and appellant's words as reported by the witnesses and appellant himself, the jury could infer that appellant thought Spagner was associated with the person or persons the motorcycle riders were seeking. The jury could infer that the planning and design had focused on the driver Spagner, who was killed with deliberation and carefulness. There was sufficient evidence to satisfy the Anderson standard for first degree murder.
 
 II.
 
 7
 Ineffective Assistance of Counsel.
 
 
 8
 Sutton next argues that his trial counsel was ineffective because of an alleged conflict of interest stemming from the Public Defender's office representing eyewitness Dwight Dodson in another matter and/or because his trial counsel failed to adequately investigate his case.
 
 
 9
 A. Conflict of Interest.
 
 
 10
 Sutton argues that his counsel's alleged conflict of interest resulted in ineffective assistance of counsel because: 1) his counsel's cross-examination of eyewitness Dwight Dodson about Dodson's motive to cooperate with the State and other efforts to impeach Dodson were infirm; 2) his counsel failed to adduce evidence of Dodson's drug use in an attempt to challenge Dodson's perception; and 3) because Sutton subjectively believed his counsel was acting upon his loyalty to Dodson and thus distrusted his counsel, he withheld his version of the circumstances surrounding the killing. This delay was prejudicial because there was no time to secure the favorable testimony of potential witness Linda Willis. Sutton further argues that the breakdown in communication was demonstrated by his disagreement with his counsel about whether he should testify or not, and the withdrawal of the defense of diminished capacity.
 
 
 11
 The district court's determination, based on the trial record in state court, that counsel rendered effective assistance is reviewed de novo. Weygandt v. Ducharme, 774 F.2d 1491, 1492-93 (9th Cir.1985).
 
 
 12
 To prove his counsel was ineffective in violation of the Sixth Amendment, Sutton must show that: 1) his counsel's performance fell below an objective standard of reasonableness measured by prevailing professional norms; and 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. Id. at 689.
 
 
 13
 Ineffective assistance of counsel may result from attorney conflicts of interest. A defendant can demonstrate a Sixth Amendment violation by showing: 1) that defense counsel was actively representing conflicting interests and 2) that the conflict had some adverse effect on specific instances of counsel's performance. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).
 
 
 14
 Because there is no evidence whatsoever that Sutton's counsel "actively represented" conflicting interests, the proper ineffectiveness analysis is under Strickland, and Sutton's claim fails. First, there is no showing that his counsel's performance fell below an objective standard of reasonableness. As to his counsel's alleged infirm cross-examination of Dodson, Dodson acknowledged at trial that he was testifying against Sutton on a deal with the government. As to Dodson's drug use and resultant impaired perception, Sutton himself testified that he had seen Dodson smoke marijuana and that Dodson's eyes had been red from drug use just prior to the shooting. As to Sutton's mistrust, Sutton has not made a sufficient showing of such an irreconcilable conflict with his attorney so as to support a claim of ineffectiveness. See, e.g., Brown v. Craven, 424 F.2d 1166, 1170 (9th Cir.1970) (Ineffectiveness claim lies where one "who undergo[es] a trial with the assistance of an attorney with whom he has become embroiled in irreconcilable conflict"); United States v. Williams, 594 F.2d 1258, 1260 (9th Cir.1979) (Irreconcilable conflict between attorney and client where "relationship had been a stormy one with quarrels, bad language, threats, and counter-threats"); U.S. v. Soto Hernandez, 849 F.2d 1325, 1328 (10th Cir.1988) (Insufficient showing of lack of communication). Moreover, Sutton's "disagreement" with his counsel regarding Sutton's taking the stand resulted in Sutton testifying and denying he was intoxicated. Finally, the jury was instructed on diminished capacity.
 
 
 15
 Second, there is no reasonable basis to find that different conduct by defense counsel would have changed the result.
 
 
 16
 B. Alleged Deficient Investigation.
 
 
 17
 Sutton next argues that his counsel was ineffective because his counsel failed to interview "numerous eyewitnesses." The core of Sutton's complaint is that his counsel failed to re-interview potential witness Linda Willis once Sutton belatedly informed his counsel of Sutton's version of the incident.
 
 
 18
 Under Strickland, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. 466 U.S. at 691. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments. Id.
 
 
 19
 Defense efforts on Sutton's account were thoroughly explored during lengthy post-trial hearings. In support of a diminished capacity defense, Sutton's counsel did plan to call Willis to testify that she saw Sutton fall off his bike several times the morning of the shooting. Willis did not appear at trial.
 
 
 20
 Sutton argues that Willis would have testified in support of his theory of the incident. However, his theory of the incident was not supported by any of the other eyewitnesses and Willis' prior statements to investigators for both the prosecution and the defense did not indicate that she would have testified in support of Sutton's version of the events.
 
 
 21
 In such circumstances, Sutton fails to either overcome the strong presumption that his counsel's conduct "falls within the wide range of reasonable professional assistance," Strickland, 466 U.S. at 689, or to demonstrate that a different result would have obtained.
 
 
 22
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3