32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark ANZIVINO, Petitioner-Appellant,
v.
Samuel A. LEWIS; Grant Woods, Attorney General of the State
of Arizona, Respondents-Appellees.
 No. 93-15478.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1994.*
Decided July 26, 1994.
 
 1
 Before: WALLACE and WIGGINS, Circuit Judges and TURRENTINE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 The State of Arizona charged Mark Anzivino as a juvenile with first-degree murder, aggravated robbery, second-degree burglary, and kidnapping. The juvenile court ordered him transferred to the superior court to be tried as an adult. As part of a plea agreement, Anzivino pled no contest to second-degree murder, aggravated robbery, second-degree burglary, and kidnapping. The trial court ultimately imposed consecutive sentences of 10 1/2 years for second-degree murder, 10 1/2 years for aggravated robbery, and 7 1/2 years for second-degree burglary. The court also imposed a concurrent sentence of 7 1/2 years for kidnapping.
 
 
 4
 Anzivino filed a petition for post-conviction relief, which the trial court denied. Anzivino also filed a direct appeal with the Arizona Court of Appeals, which affirmed the convictions but remanded to the trial court for resentencing because the trial court had not stated its reasons for imposing consecutive sentences. Anzivino again appealed and the Arizona Court of Appeals affirmed.
 
 
 5
 Anzivino then filed with the trial court a second petition for post-conviction relief, raising for the first time the arguments that he received ineffective assistance of counsel at trial, his plea was involuntary, and his appellate counsel was ineffective for failing to raise the first two issues on direct appeal or in his first petition for post-conviction relief. The trial court denied the petition. The Arizona Court of Appeals affirmed, holding that Anzivino's first two claims were precluded by state law because they could have been raised on direct appeal or in the first petition for post-conviction relief. The court also held that Anzivino had no colorable claim of ineffective assistance of appellate counsel. Anzivino then filed a federal habeas petition, raising the same claims. The district court dismissed Anzivino's petition.
 
 
 6
 Anzivino appeals pro se the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. We have jurisdiction under 28 U.S.C. Sec. 2243, and we affirm.
 
 STANDARD OF REVIEW
 
 7
 We review do novo the district court's denial of a petition for habeas relief. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc) (citing Weygandt v. Ducharme, 774 F.2d 1491, 1492 (9th Cir.1985)).
 
 DISCUSSION
 
 8
 Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2553-54 (1991). The independent and adequate state ground doctrine "applies whether the state law ground is substantive or procedural." Id., 111 S.Ct. at 2554. When litigation of a constitutional clam is barred in state court due to a procedural default, federal habeas corpus relief will not be granted absent a showing of "cause and actual prejudice". Engle v. Isaac, 456 U.S. 107, 129 (1982).
 
 
 9
 Anzivino did not raise on direct appeal or in his first petition for post-conviction relief his claims that he was denied the effective assistance of trial counsel and that his plea was involuntary. Therefore, the Arizona Court of Appeals held that the claims were procedurally barred by state law. To prevail now in federal court, Anzivino must show cause and actual prejudice.
 
 
 10
 Anzivino argues that his appellate counsel's failure to raise these claims constitutes cause for his procedural default. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Two examples are that "the factual or legal basis for a claim was not reasonably available to counsel ... or [there existed] 'some interference by officials.' " Id. (citing Brown v. Allen, 344 U.S. 443, 486 (1953)).
 
 
 11
 Anzivino seems to be arguing that the objective factor leading to his failure to raise the argument that his plea was involuntary was that his counsel did not know that the defendant was taking the prescribed medication "Elavil". Since Anzivino failed to raise this argument with the district court, we will not address it.[1]
 
 
 12
 Ineffective assistance of counsel also constitutes cause for a procedural default. Murray, 477 U.S. at 488. Anzivino argues that his appellate counsel's failure to raise on direct appeal or in his first petition for post-conviction relief his claims that he was denied the effective assistance of trial counsel and that his no contest plea was involuntary constitutes ineffective assistance, excusing his procedural default.
 
 
 13
 A claim for ineffective assistance of counsel requires the defendant to satisfy two elements:
 
 
 14
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 
 
 15
 Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 16
 The failure of appellate counsel to raise the two claims of ineffective assistance of trial counsel and involuntary guilty plea does not rise to the level of ineffective assistance of counsel under the Sixth Amendment. Appellate counsel "need not advance every argument, regardless of merit, urged by the appellant." Evitts v. Lucey, 469 U.S. 387, 394 (1985).
 
 
 17
 Even if appellate counsel's performance was deficient, failure to raise these issues on appeal was not so serious as to deprive Anzivino of a fair trial. Anzivino contends that his trial counsel induced his no contest plea by falsely promising him that he had filed an appeal of the juvenile court remand to superior court and that the appeal had the power to moot Anzivino's plea. However, this claim is unsubstantiated. As pointed out by the Arizona Court of Appeals, counsel made great efforts to fully inform defendant of the consequences of his plea. At his change of plea hearing, Anzivino stated that his lawyers talked with him at least five times about the plea agreement and wrote him a letter explaining the alternatives and their evaluation of his case. In addition, Anzivino told the court that the plea agreement contained everything to which he agreed and that no one had made any other promises to him.
 
 
 18
 Anzivino also contends that his trial counsel induced the plea by falsely assuring Anzivino that he would receive, at most, the same sentence his codefendant received. However, as pointed out by the Arizona Court of Appeals, the plea agreement clearly detailed the range of possible sentences and specifically stated that no agreements were made concerning the sentence. At the change of plea hearing, Anzivino was advised, and stated he understood, that the court could impose sentences of up to seventy-two years.
 
 
 19
 Anzivino also claims that his plea was involuntary because he was taking an antidepression medication at the time of the entry of the plea. However, at the change of plea hearing, the court was aware that he had taken medication and Anzivino stated that it did not impair his judgment. Nevertheless, the court deferred acceptance of the plea until sentencing. At the presentencing hearing, the possible effects of Anzivino's medication were discussed and a doctor explained to the court why he had concluded that Anzivino was competent to enter into the plea agreement.
 
 
 20
 Therefore, Anzivino's claims of ineffective assistance of trial counsel and involuntary guilty plea lack merit and appellate counsel's failure to raise them does not constitute ineffective assistance. Since there was no ineffective assistance of appellate counsel and no external factor was present, the district court did not err in finding that Anzivino failed to establish cause for his procedural default. The district court properly dismissed defendant's claims.
 
 
 21
 Anzivino also argues, as a separate claim, that his habeas petition should not have been dismissed because his appellate counsel was ineffective for failing to raise his claims of involuntary guilty plea and ineffective assistance of counsel. As discussed above, there existed no ineffective assistance of appellate counsel. Therefore, this argument also fails as a separate claim and the district court did not err in dismissing it along with other claims contained in defendant's habeas petition.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Circuit Rule 34-4 and Rule 34(a) of the Federal Rules of Appellate Procedure
 
 
 **
 Hon. Howard B. Turrentine, Senior District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3
 
 
 [1]
 In any event, the argument is without merit because Anzivino has offered no proof that appellate counsel was unaware of Anzivino's medication and, even if he was unaware, there is no indication that this information was not reasonably available to counsel