105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John PETERSON, Petitioner-Appellant,
v.
Larry KINCHELOE, Superintendent, Sprink Creek Correctional
Center, Respondent-Appellee.
 No. 96-35280.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1996.*
Decided Jan. 6, 1997.
 
 Before: JOHN T. NOONAN, Jr., THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Peterson, a state prisoner, appeals from the district court's denial of his habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.[1]
 
 
 3
 A jury found Peterson guilty of first-degree sexual assault, in violation of Alaska Stat. § 11.41.410, and second-degree sexual abuse of a minor, in violation of Alaska Stat. § 11.41.436. The convictions stem from Peterson's sexual activities with N.W. Peterson contends the evidence was insufficient to support his convictions.
 
 
 4
 We review de novo the district court's denial of a petition for habeas corpus. Weygandt v. Ducharme, 774 F.2d 1491, 1492 (9th Cir.1985). In reviewing a claim of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In making this determination, we "must respect the province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict." Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir.1995).
 
 
 5
 To convict Peterson of first-degree sexual assault, the prosecution had to prove he "engage[d] in sexual penetration with another person without consent of that person." Alaska Stat. § 11.41.410(a)(1). To prove a lack of consent, the prosecution had to prove that Peterson was subjectively aware of a risk that N.W. did not consent to the sexual activities, but recklessly disregarded that risk. See Dolchok v. State, 763 P.2d 977, 980 (Alaska 1988).
 
 
 6
 To convict Peterson of second-degree sexual abuse of a minor, the prosecution had to prove that the offender "being 16 years of age or older, ... engage[d] in sexual penetration with a person who [was] 13, 14, or 15 years of age and at least three years younger than the offender...." Alaska Stat. § 11.41.436(a)(1). An affirmative defense to this offense would be Peterson's reasonable belief that N.W. was older than 15 years. Alaska Stat. § 11.41.445(b).
 
 
 7
 Peterson first contends the evidence was insufficient for both charges because the prosecution did not prove that he sexually penetrated N.W. We conclude the evidence of penetration was sufficient.
 
 
 8
 A.S., a witness, testified he "saw [Peterson's] penis in [N.W.'s] vagina" and that he had no problems observing this. Peterson's assertion that A.S. could not accurately see because he was not wearing his corrective lenses goes to the credibility of A.S.'s testimony which was an issue for the jury.
 
 
 9
 Further, the prosecution corroborated A.S.'s testimony. Another witness, S.S., testified that he observed Peterson engaging in sexual relations with N.W. and that Peterson had penetrated N.W. The examining physician testified that at the time he examined N.W., which was shortly after Peterson had sexual relations with her, he discovered a laceration to her hymen which had been caused within two or three days of the incident.
 
 
 10
 Peterson next contends the evidence was insufficient to demonstrate that he recklessly disregarded any lack of consent exhibited by N.W. We disagree.
 
 
 11
 S.S. testified he heard N.W. "yelling, help" and "she was yelling, get off me, I can't breathe." He further testified that, at the same time, he observed the following:
 
 
 12
 She was laying there. He was on top of her. And she was pushing at his face kind of slow. Not--it was like a slap, but it was more like a push because she was intoxicated. And she knocked his glasses off. She hit him twice. And he put those back on. And she grabbed the back of his shirt and tried to pull him off....
 
 
 13
 S.S. testified that Peterson continued his sexual activities with N.W. after N.W. began vomiting and choking on her vomit and that Peterson did not terminate his sexual acts until approached by S.S.
 
 
 14
 Peterson, however, argues N.W.'s alleged sexual overtures and other actions preceding the sexual relations are consistent with consensual relations. Also, J.M. testified that N.W. told him and Peterson that she wanted to engage in sexual relations. The prosecution challenged J.M.'s testimony and presented contradictory evidence.
 
 
 15
 The issue of N.W.'s consent was a question for the jury. On this issue, substantial evidence supports a finding that N.W. did not consent to the sexual relations.
 
 
 16
 Finally, with regard to the second-degree sexual abuse conviction, Peterson argues that no reasonable jury could have rejected his defense that he reasonably believed N.W. to be older than 15 years. It is undisputed that N.W. was 13 years old at the time of the offense. Peterson, however, argues N.W. appeared to be older, told him she was 21 years old, and often led people to believe she was older.
 
 
 17
 We understand Peterson's argument, but reject it. After his arrest, Peterson told investigating officers that N.W. had told him she was 14 years old. At most, there was a conflict in the evidence and the jury resolved that conflict against Peterson.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because of our disposition of this appeal, we need not address the applicability, if any, of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996)