141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Ray Ampher FARMER, Defendant-Appellant.
 No. 96-30366.
D.C. No. CR-96-00004-JDS.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1998 Pasadena, California**.
Decided Mar. 4, 1998.
 
 1
 Appeal from the United States District Court for the Western District of Washington Jack D. Shanstrom, District Judge, Presiding.
 
 
 2
 Before BROWNING and O'SCANNLAIN, Circuit Judges, and MARQUEZ,*** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Ray Ampher Farmer appeals his conviction and sentence for concealing a person from arrest and aiding and abetting in violation of 18 U.S.C. §§ 3 and 2. Farmer was convicted of assisting federal fugitives Steve Denton and Dana Thompson.
 
 
 5
 The facts underlying this action are known to the parties and we shall not repeat them here.
 
 
 6
 * Farmer first claims that the district court erred by denying his motion in limine and admitting evidence of past drug dealings between him and Denton in violation of Fed. R. Evidence 404(b).[1]
 
 
 7
 This court applies a four-pronged test to determine the admissibility of evidence under Fed. R. Evidence 404(b). See United States v. Basinger, 60 F.3d 1400, 1407 (9th Cir.1995). Basinger requires that: (1) evidence must prove a material element of the offense charged; (2) the prior act must be similar to the offense charged; (3) there must be sufficient evidence of the prior conduct; and (4) the prior conduct must not be too remote in time. Id. Evidence of Farmer's past drug dealings satisfies each of these prongs.
 
 
 8
 First, evidence that Farmer purchased drugs from Denton and Thompson proves material elements of the crimes of being an accessory after the fact and aiding and abetting. It demonstrates that Farmer had knowledge of the fugitives' commission of a crime against the United States and shows that he relieved, assisted, aided and abetted Denton and Thompson by financially sustaining them while they were at large. The evidence therefore tends to prove the mens rea and actus reus elements of Farmer's crimes. See 18 U.S.C. §§ 3 and 2. In addition, Farmer's drug involvement with Denton and Thompson demonstrated that he had a motive to protect the fugitives, his source, from apprehension. See Fed. R. Evidence 404(b).
 
 
 9
 Next, regarding the second Basinger factor, it is plain that Farmer's drug dealings were inextricably linked with his aiding, abetting and harboring the fugitives. See United States v. Soliman, 813 F.2d 277, 279 (9th Cir.1987) (holding that evidence not considered "other crimes" evidence when prior bad act and crime charged are inextricably intertwined). Farmer continued to buy drugs from Denton and Thompson while they were at large and it was this money which sustained them during their flight. This satisfies Basinger' § similarity requirement.
 
 
 10
 Third, although Denton was the only witness who testified to Farmer's drug dealings, the testimony of a single witness may be enough to fulfill Basinger' § requirement that there must be sufficient evidence of the prior bad act, even in the absence of corroborating evidence. See United States v. Johnson, 1997 WL 790076, 3 (9th Cir. (Cal.)); United States v. Hinton, 929 F.2d 1369, 1373 (9th Cir.1994). Here, Denton's testimony was more than an unsubstantiated charge and, therefore, was sufficient for Basinger' § purposes.
 
 
 11
 As to the fourth requirement, Farmer concedes that evidence of his drug connections satisfies Basinger' § temporal proximity prong.
 
 
 12
 For the foregoing reasons, we hold that evidence of Farmer's prior drug dealing clearly satisfies the Basinger inquiry and was properly admitted by the district court pursuant to Fed. R. Evidence 404(b).
 
 II
 
 13
 Farmer argues that even if evidence of his drug dealings is admissible under Rule 404(b), it should nevertheless be excluded under Rule 403 because its prejudicial effect outweighs its probative value. Farmer claims that the Government had other evidence, such as car rental receipts and motel and telephone records, which were more than sufficient to prove that he aided the fugitives. Although the Government did have other evidence linking Farmer to the fugitives, the fact that he purchased drugs from Denton and Thompson goes to the heart of his intent to commit the charged offense. The evidence powerfully demonstrates that Farmer had knowledge that the fugitives had committed a crime against the United States. No other evidence is so damning to his cause. We are convinced that the probative value of Farmer's drug trafficking outweighs any potential prejudicial effect.
 
 
 14
 Further undermining Farmer's argument is the fact that Judge Shanstrom gave explicit instructions to the jury directing them to consider the prior acts only in so far as the evidence demonstrated knowledge and intent for the offenses charged, not for any other purpose. This cautionary instruction limited any prejudicial effect the evidence may have had on the jury. Juries are presumed to follow a district court's instructions, see Aguilar v. Alexander, 125 F.3d 815, 819 (9th Cir.1997), and, here, there is no reason to believe otherwise.
 
 III
 
 15
 Farmer also claims that the district court erred by allowing the prosecution to comment during closing argument that "the jury should do its duty ... and find the defendants guilty." This contention lacks merit.
 
 
 16
 Farmer's codefendant, Charles Sanchez, objected to the challenged statement at trial, making it unnecessary for Farmer to do likewise. See United States v. Brown, 562 F.2d 1144, 1147 (9th Cir.1978) ("[W]hen one codefendant objects ... further objections by other defendants are unnecessary.") Because Sanchez brought the alleged error to the attention of the district court, we review for harmless error. See United States v. Senchenko, 1998 WL 3585, 2 (9th Cir. (Wash.)) (when timely objection is made at trial, court of appeals reviews for harmless error). Under the harmless error inquiry, we must decide "whether allegedly improper behavior, considered in the context of the entire trial ... affected the jury's behavior to judge the evidence fairly." Id.
 
 
 17
 It is plain that the prosecutor's comment did not affect the jury's ability to judge the evidence fairly in this case. When considered in the context of the entire trial, although the prosecutor's statement was most likely error, it does not approach the severity of remarks that we have previously held to constitute harmless error. See United States v. Williams, 989 F.2d 1061, 1071 (9th Cir.1993) (harmless error where prosecutor challenged jury to "tell [defendant] to take his keys and send them back to Denver" and "tell these defendants that we do not want crank in Montana."); United States v. Polizzi, 801 F.2d 1543, 1558 (9th Cir.1986) (harmless error where prosecutor told jury to "finish the job that the F.B.I. had started" and "go after" the defendants.) It is significant that the prosecutor's comment was an isolated remark in the midst of a two day trial and was in no way part of a recurring theme. See U.S. v. Armstrong, 654 F.2d 1328, 1336 (9th Cir.1981). Also, the evidence against Farmer, which included his drug connections to the fugitives, rental car receipts, motel reservations made in his name, and telephone records, was substantial. See Weygandt v. Ducharme, 774 F.2d 1491, 1493 (9th Cir.1985) (where evidence against defendant was substantial, prosecutor's statement in closing argument did not deprive defendant of fair trial). Moreover, Judge Shanstrom instructed the jury that "[y]our function is to determine what the facts are" and that "statements and argument of counsel are not evidence." Juries are presumed to follow a district court's instructions, see Aguilar, 125 F.3d at 819, and there is no reason to believe here that they did not. See e.g., Polizzi, 801 F.2d at 1558 (similar jury instructions were held to cure whatever prejudice flowed from prosecutor's statement and render any error harmless).
 
 
 18
 We hold that the prosecutor's comment, assuming it was error, was harmless.
 
 IV
 
 19
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit R. 34-4(c)
 
 
 **
 * The Honorable Alfredo C. Marquez, United States District Judge for the District of Arizona, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Fed. R. Evidence 404(b) provides:
 Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.