Kent RAY, Petitioner–Appellant,

v.

Cal A. TERHUNE, Respondent–
Appellee.

No. 99–17120.
D.C. No. CV–97–02152–EJG.

United States Court of Appeals,
Ninth Circuit.

·Argued and Submitted Nov. 17, 2000.

Decided May 3, 2001.

Before WALLACE, FISHER and RAWLINSON, Circuit Judges.

## MEMORANDUM *

■ Following a jury trial, Kent Ray, was found guilty of first degree murder. He now appeals the district court's denial of his petition for habeas corpus. Appellant challenges the sufficiency of the evidence, the admission of a second level hearsay statement, the denial of a motion to suppress evidence, and the effectiveness of his counsel's assistance during pretrial negotiations. We review the district court's denial of a petition for habeas corpus de novo. *See Weygandt v. Ducharme,* 774 F.2d 1491, 1492 (9th Cir.1985).

### Sufficiency of the Evidence

■ Medical testimony in the record reflects the victim had been struck in the head with a blunt object which would have caused profuse bleeding; Petitioner's carpet was stained with blood consistent with the victim's blood type; and Petitioner's carpet had been cleaned with bleach and vacuumed. We agree with the district court that a rational trier of fact could have found that petitioner committed first degree murder upon his wife. *See United States v. Wright,* 215 F.3d 1020, 1025 (9th Cir.2000). Such a finding was not contrary to, nor did it involve, an unreasonable application of clearly established federal law. *See Delgado v. Lewis,* 223 F.3d 976, 980 (9th Cir.2000). Additionally, Petitioner's previous exploration into the murder of his wife was sufficient to conclude her murder was planned. In sum, Petitioner has failed to provide us any reason to reverse the district court.

### Confrontation Clause

■ The district court found Petitioner was not denied his Sixth Amendment right to confront and cross-examine witnesses. Alleged violations of the Confrontation Clause are reviewed de novo. *See United States v. Ortega,* 203 F.3d 675, 682 (9th Cir.2000). We review factual findings for clear error. *See Miles v. Stainer,* 108 F.3d 1109, 1112 (9th Cir.1997). Any violation is also subject to harmless error analysis. *See Ortega,* 203 F.3d at 682. We find no clear error in the trial court's ruling that Jiang's statement to Detective Lee emanated from her own recollection and was properly admitted through exceptions to the hearsay rule. *See Cal. Evid. Code.* § 1235 (prior inconsistent statement); Cal. Evid.Code. § 1230 (statement against penal interest). Like the trial court, we agree that the statement was an admissible, prior inconsistent statement by Jiang, not the inadmissible hearsay testimony of an unavailable witness, as Petitioner contends.

■ Petitioner asserts the district court erred by finding the Confrontation Clause was not violated by admission of Jiang's hearsay statement. The Confrontation Clause does not guarantee cross-examination in whatever manner and extent the defense might wish; rather, the Confrontation Clause only guarantees the opportunity to test a witness's biases and motivations. *United States v. Chung Lo,* 231 F.3d 471 (9th Cir.2000). Jiang was present at trial. She testified and was cross-examined. When Jiang was on the witness stand, the jury was allowed to weigh her credibility. Thus, petitioner's right to cross examination and confrontation were not violated.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Motion to Suppress*

█ For us to address petitioner's Fourth Amendment suppression claim, the state court must have failed to provide him an opportunity to fully and fairly litigate his Fourth Amendment claims and there must have been a Fourth Amendment violation. *See Woolery v. Arave,* 8 F.3d 1325, 1326 (9th Cir.1993). Petitioner did not allege, in his briefs or in oral argument before this Court, failure of the trial court to apply controlling authority or a lack of opportunity to fully and fairly litigate his claims. *See Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). In fact, as the district court noted, Petitioner had two opportunities to litigate his Fourth Amendment claim in state court. Moreover, the state courts applied relevant law in correctly concluding the search of Petitioner's residence did not violate the Fourth Amendment. Ray's Fourth Amendment argument is without merit.

As for the finding that Officer Buck's reliance on Kim's apparent authority to enter the premises was reasonable, the trial court explicitly stated that it was relying on two independent grounds to support its denial of Appellant's motion to suppress, each sufficient to support the trial court's ruling: (1) Appellant's actual consent; and (2) Kim's apparent authority to consent. Since the state trial and appellate court found that petitioner himself gave explicit consent for Officer Buck to enter the residence, any error in the trial court's finding that Kim had apparent authority to consent to the search would be harmless. *See generally U.S. v. Furrow,* 229 F.3d 805, 813–14 (9th Cir.2000).

*Ineffective Assistance of Counsel*

Petitioner asserts the district court erred in failing to find he received ineffective assistance of counsel during pre-trial plea negotiations. To prevail on an ineffective assistance of counsel claim in the context of a criminal plea, petitioner must show prejudice that "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Even if we agreed for the sake of argument that the prosecution made an offer containing impermissible conditions, the district court correctly found there is no evidence the state would have made the same offer without the conditions. Therefore, Petitioner cannot make the required showing of prejudice.

We AFFIRM the decision of the district court and DENY the petition for habeas corpus.