Richard JOHNSON, Petitioner—Appellant,

v.

Joseph L. MCGRATH, Warden, Respondent—Appellee.

No. 03–16967.

D.C. No. CV–02–01535–JSW.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2004.*

Decided Dec. 23, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

David McNeil Morse, San Francisco, CA, for Petitioner–Appellant.

Stan M. Helfman, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before D.W. NELSON, KLEINFELD, and GOULD, Circuit Judges.

## MEMORANDUM**

Richard Johnson was convicted by a jury in state court for transporting heroin and possessing heroin for sale. He appeals the district court's denial of his federal habeas petition arguing that it was objectively unreasonable for the state supreme court to conclude: (1) that his due process rights were not violated by the prosecutor's use of hearsay in closing argument; and (2) that his right to effective assistance of counsel was not violated by his trial counsel's failure to object to the prosecutor's use of hearsay in closing argument. The district court had jurisdiction pursuant to 28 U.S.C. § 2241 and § 2254. We have jurisdiction over this timely appeal under 28 U.S.C. § 2253, and we affirm.[1]

Even if the prosecutor's use of hearsay statements in closing argument was improper, such impropriety did not "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181–83, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (holding that prosecutor's closing argument, while condemnable, did not render conviction "fundamentally unfair" where the closing remarks were invited by the defense's opening summation, the trial court instructed the jury that arguments of counsel were not evidence, and the "weight of the evidence against petitioner was heavy"). Here, the prosecutor used the challenged hearsay statements only after defense counsel elicited them in his own cross-examination of the government's witness, there was substantial other evidence against Johnson, and the trial court expressly instructed the jury that statements made by attorneys were not evidence and could not be considered in determining the facts. Under these circumstances, it was not objectively

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review a district court's decision to deny a habeas petition de novo. *Taylor v. Maddox*, 366 F.3d 992, 997 (9th Cir.2004). Under AEDPA, a petitioner challenging a state court conviction must demonstrate that the state court's decision on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Where, as here, the highest state court addressing the merits of the petitioner's claim gives no reasoned explanation for its decision, we conduct an independent review of the record to determine whether the state court's decision was objectively reasonable. *Luna v. Cambra*, 306 F.3d 954, 960 (9th Cir.2002).

unreasonable for the state supreme court to conclude that Johnson's due process rights were not violated.

To establish ineffective assistance of counsel, Johnson had to prove: (1) that his "counsel's performance was deficient" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Trial counsel's failure to object to the prosecution's allegedly improper closing remarks did not constitute deficient performance if counsel had tactical reasons for withholding such objections. *United States v. Molina,* 934 F.2d 1440, 1447–48 (9th Cir.1991) (no ineffective assistance even though prosecutor's closing remarks "c[a]me close to impermissible prosecutorial comment" because there were tactical reasons why trial counsel might "refrain from objecting during closing argument to all but the most egregious misstatements by opposing counsel"). Additionally, Johnson cannot demonstrate that he was prejudiced by counsel's failure to object to the use of the hearsay statements if there was overwhelming evidence apart from the statements to support his conviction for transporting and possessing heroin for sale. *Weygandt v. Ducharme,* 774 F.2d 1491, 1493 (9th Cir.1985) ("Although [petitioner's] attorney should have objected to the prosecutor's improper remarks, his failure to do so, evaluated in light of the overwhelming evidence of guilt presented at trial, did not so prejudice [the petitioner] as to deprive him of a fair trial.").

We cannot say that the record rules out the existence of tactical reasons for counsel's lack of objection to the closing argument referring to the hearsay evidence to which counsel's own examination had opened the door. Nor can we say that there was not overwhelming evidence apart from the hearsay statements in support of Johnson's conviction for transporting and possessing heroin for sale. Accordingly, the state supreme court's decision denying Johnson's ineffective assistance claim was not objectively unreasonable.

AFFIRMED.